# COURT OF APPEALS OF TEXAS.

## TYLER TERM, 1879.

---

### DICK COX *v.* THE STATE.

1. NEW TRIAL. — Separation of a jury is not, even in a capital case, cause for new trial, unless it appears to be probable that the fairness of the verdict was affected thereby, or that injustice to the appellant resulted therefrom.

2. SAME. — Note in the opinion circumstances held insufficient to show such a separation of the jury in a capital case as entitled the prisoner to a new trial.

3. PRACTICE. — In trials involving life or liberty, especial care should be exercised by jurors and by the officers of court to prevent any violation of the rule of the Code prohibiting the separation of the jury.

APPEAL from the District Court of Walker. Tried below before the Hon. W. D. WOOD.

The indictment charged the appellant with the murder of P. W. Randolph, on February 8, 1878. On his first trial he was found guilty of murder in the first degree, and adjudged to be executed. From that judgment he appealed to this court, and the conviction was set aside. The report of the case will be found at p. 493, 5 Texas Ct. App., where a full statement of the facts of the homicide is given.

At the trial from which the present appeal is had he was convicted of murder in the second degree, and his punishment was assessed and adjudged at thirty-five years in the penitentiary. The only ground of complaint discussed by this court is the separation of the jury, and in the opinion will be found a clear statement of the facts relevant thereto.

For the benefit of clerks of the courts below, it may be well to note that a second transcript of this case was re-

1

quired, because the clerk's final certificate to the first one was not authenticated by the seal of his court.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

ECTOR, P. J.   The appellant was convicted of murder in the second degree, and his punishment assessed at thirty-five years in the penitentiary.   He has appealed from this conviction, and seeks to reverse the judgment on the grounds stated in his assignments of error, which are as follows, to wit : —

"1. The court erred in not granting defendant a new trial, because the facts adduced upon the trial do not support the verdict of the jury.

"2. The separation of the jury after they had heard the charge of the court and had retired to consider of their verdict vitiated the verdict of the jury, and a new trial should have been granted upon that ground alone, if upon no other."

This is the second appeal that has been prosecuted in this case.   On the first trial the appellant was convicted of murder in the first degree, and the judgment of the District Court was reversed because this court held the proof not sufficient to sustain a conviction of murder in the first degree.   See the case, reported in 5 Texas Ct. App. 493.

There is some conflict in the testimony.   We believe, after a careful examination of all the evidence in the case, that the jury were warranted in finding the appellant guilty of murder in the second degree.   The charge of the court presented a correct, clear, and able exposition of the law applicable to the case, and we see nothing in it calculated to work prejudice or injury to appellant.   So far as the record shows, both parties appear to have been satisfied with it.

One of the grounds in appellant's motion for new trial, and

which is made his second assignment of error, is that the jury, after they had received the charge of the court and had retired to consider of their verdict, did not keep together until they had returned into court their verdict, but separated during the trial, and when so separated some of them conversed with other parties than those of their own body. And in support of this ground of the motion appellant presented to the court the affidavit of a witness, who testified to the following facts, to wit: That the jury who tried the case, after they had received the charge of the court and retired to consider of their verdict, were escorted in a body to the Gibbs Hotel, in Huntsville, to get their dinner; and while they were at the table eating their dinner, other persons than the jurors and the officers having them in charge were also eating at the same table; that after some of the jurors had eaten, and before others had finished, some of those who had finished went out into a hall, out of sight of those remaining in the dining-room; and after all of said jurors had eaten, and retired from the dining-room, some of them went out upon the piazza of the hotel, and others of them went into a little house some thirty steps away from said piazza, and for a portion of the time were out of sight of the other jurors.

The district attorney submitted to the court, in opposition to the motion, the affidavits of six of the jurors who tried the case. They state in their affidavits that, while the jury was at the Gibbs Hotel, they did not converse among themselves about said case, nor did any person say any thing about it to them or in their hearing; that while they were at the hotel three members of the jury went into a small house close by, and while there conversed with no one except themselves; that while they were deliberating on their verdict they neither saw nor heard any thing that influenced their verdict; and that their verdict in this case was founded on the evidence and charge of the court, and nothing else.

The district attorney also submitted the affidavit of the deputy-sheriff, who was the officer in charge of the jury, who testified that the facts stated in the said affidavits of the jurors were true, to the best of his knowledge and belief; that, when the jurors were at dinner at the hotel, some of the jurors went out of the dining-room at the hotel, and went into an adjoining room, but the door was open between the two rooms, and he could and did see them; that some of the jurors also went into a privy close by, and he went near the yard fence and watched them; they went into and came out of this small house one at a time.

The District Court overruled the motion for a new trial. After considering the evidence introduced by both parties, we believe there was no error in this ruling of the court.

Art. 605 of the Code of Criminal Procedure provides that after a jury has been sworn and empanelled to try any case of felony, they shall not be permitted to separate until they have returned a verdict, unless by permission of the court, with the consent of the district-attorney, and in charge of an officer. In cases involving life or liberty it is certainly a matter of the utmost importance that this rule should be strictly observed; and the jurors themselves and the officers of the court should be careful to guard against the slightest violation of it.

Our Supreme Court, in a number of cases, have held that something more than separation of the jury such as is forbidden by the Code is required to affect the fairness of a verdict; that it must affirmatively appear that there was some reason to suppose that wrong or injustice might have resulted from it to appellant. And the same rule has been followed by this court. *Jack* v. *The State*, 26 Texas, 1; *Johnson* v. *The State*, 27 Texas, 770; *Wakefield* v. *The State*, 41 Texas, 556; *Jenkins* v. *The State*, 41 Texas, 128; *Davis* v. *The State*, 3 Texas Ct. App. 91; *Gilleland* v. *The State*, 44 Texas, 356.

In the case last cited the court say: " Misconduct of a

jury is not made an absolute ground of a new trial.    *    *    *.
For this court to reverse a judgment on the ground that
such a motion has been overruled, it must be made plainly
to appear that appellant has probably suffered some injus-
tice by the ruling on the motion."

The record does not show the slightest reason to suppose
that any wrong or injustice might have resulted to appellant
from the separation of the jury, or that appellant thereby
has not received a fair and impartial trial; and consequently
the court was not authorized to. grant a new trial on this
ground.    There is no other question presented in the record
that we deem necessary to notice especially in this opinion.
The trial was in all respects fair and regular.    There is no
error in the judgment, and it is therefore affirmed.

    *Affirmed.*