## T. B. CLEMENTS V. STATE.

No. 2152. Decided February 19, 1913.

1.—Murder—Misconduct of Jury—Former Trial.

Where, upon trial of murder and a conviction of manslaughter, the jury not only discussed the former conviction of defendant, but went so far as to discuss the term of years assessed against him, all of which evidently resulted in his conviction, there was reversible error; the result of the former trial not being in evidence, and of course, inadmissible.

2.—Same—Conduct of District Attorney.

The district attorney should not ask injurious and hurtful questions if he in fact knows there exists no foundation therefor, and unless he believes he can establish his point by legitimate evidence.

**3.—Same—Newly Discovered Evidence—Practice on Appeal.**

Where the cause is reversed and remanded on other grounds, the question of newly discovered evidence need not be considered.

**4.—Same—Evidence—Res Gestae.**

Upon trial of murder, there was no error in admitting testimony as to what was found in the pockets of the deceased; it not being so remote as to render it inadmissible.

**5.—Same—Verdict—Judgment.**

Where the court only submitted manslaughter of which defendant was convicted, the verdict was sufficiently definite to base a judgment thereon.

Appeal from the District Court of McLennan. Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

The opinion states the case. For facts, see 61 Texas Crim. Rep., 161.

*J. W. Taylor* and *J. N. Gallagher*, for appellant.—On question of conduct of district attorney: in propounding questions to witnesses: People v. Cahoon, 50 N. W. Rep., 384; State v. Irwin, 60 L. R. A., 716; State v. Prendible, 65 S. W. Rep., 559; People v. Grider, 110 Pac., 586; Downing v. State, 61 Tex. Crim. Rep., 519, 136 S. W. Rep., 471; Leahy v. State, 48 N. W. Rep., 390; People v. Dane, 26 N. W. Rep., 781; People v. Montague, 39 N. W. Rep., 585.

On question of verdict: Moody v. State, 52 Tex. Crim. Rep., 232, 105 S. W. Rep., 1127; Branch Crim. Law, sec. 842.

On question of prior conviction raising no presumption of guilt: Pickett v. State, 51 S. W. Rep., 374; Moore v. State, 21 Texas Crim. App., 666.

On question of conviction in same cause and assessment of specific penalty not admissible: Wyatt v. State, 58 Tex. Crim. Rep., 115, 124 S. W. Rep., 929; Clark v. State, 23 Texas Crim. App., 260.

On question of statement by juror that defendant had been twice convicted stating punishment inadmissible: Hughes v. State, 70 S W. Rep., 746; Lankster v. State, 65 S. W. Rep., 373; Woolley v. State, 50 Tex. Crim. Rep., 214, 96 S. W. Rep., 27; Wyatt v. State, 58 Tex. Crim. Rep., 115, 124 S. W. Rep., 929; Ogden v. U. S., 112 Fed., 523; Hughes v. State, 67 S. W. Rep., 104; Tutt v. State, 49 Tex. Crim. Rep., 202, 91 S. W. Rep., 584; Rigsby v. State, 142 S. W. Rep., 901; Brown v. State, 57 Tex. Crim. Rep., 269, 122 S. W. Rep., 565.

*C. E. Lane*, Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was convicted of manslaughter, and prosecutes an appeal to this court.

It apears by the affidavit of the foreman of the jury that while the jury was considering their verdict, the jury not only discussed the

former conviction of defendant of this offense, but one of the jury-men even went so far as to inform the others as to the term of years assessed against the defendant. That up to this time a portion of the jury had been in favor of an acquittal, but after being informed as to the result of the former trials, one who had been voting for acquittal stated that if that was the result of the former trials he would agree to a conviction if they would only assess his punishment at two years in the penitentiary.

On the trial of the case, it was in evidence that there had been former trials of this case, but the result of the former trials was not in evidence. Suppose on the trial the State had been permitted to prove that defendant on the former trials had been convicted and had been given a number of years in the penitentiary, over the ob-jection of defendant. Would this not have presented reversible error, and if so, was the fact that it was not admitted in evidence on the trial, but the members of the jury informed of it after their retire-ment, and this argument used to get one to agree to a verdict, render it less hurtful? If such testimony was not admissible in evidence, the fact the jury was so informed, and discussed the matter after retirement, would necessarily do more harm to appellant, than if admitted on the trial, for if defendant knew that such evidence was before the jury he might seek to have it eliminated by moving to strike it out, or asking the court to instruct the jury not to consider it. But in this character of case inadmissible evidence is used to secure a conviction, or at least one member of the jury to agree to a conviction, and this will necessarily result in its reversal.

In another bill it is claimed that the State asked certain questions to prejudice the jury against witnesses for defendant, the State's Attorney knowing at the time that no grounds existed upon which to base such questions. If in fact the State's Attorney knew he could not establish a conspiracy between the appellant and the witnesses to whom the questions were propounded, then it was improper to ask such questions. But if the attorney had any reason to believe that he could establish that the witnesses were aware of appellant's in-tention to kill deceased (if he had such intention before the homicide) and expected to prove that the witnesses aided and abetted appellant, such questions were not only proper but it was his duty to seek to establish the conspiracy. On another trial the prosecuting officer can govern himself in accordance with this opinion, and he should not ask injurious and hurtful questions if he in fact knows there exists no foundation for such questions, but if he in fact thinks he can establish a conspiracy by legitimate testimony, then the questions were proper.

The discovery of new testimony need not be discussed, as it will not be newly discovered on another trial.

The testimony of the wife of deceased that she found a corkscrew and other articles named, in the pockets of deceased, was properly

admitted in evidence. It was not at so remote a time as to render it inadmissible. The time that elapsed might go to its weight but not its admissibility.

The court only submitting the issue of manslaughter, the verdict was sufficiently definite upon which to base a judgment, but on account of the error above pointed out the judgment is reversed and the cause is remanded.

*Reversed and Remanded.*