## Juan Perales v. The State.

### No. 2811.   Decided December 3, 1913.

1.—Murder—Continuance—Discretion of Court.

Where the record on appeal did not show that the trial court abused his discretion in overruling defendant's motion for continuance because he was too unwell to go to trial, there was no error.

2.—Same—Temporary Insanity—Charge of Court.

Where, upon appeal from a conviction of murder, nothing in the record showed that a charge on temporary insanity was called for, there was no error.

3.—Same—Self-defense—Charge of Court—Words and Phrases.

Where defendant alone testified that deceased had threatened to kill him, and the court, in his charge on self-defense, used the words, "if deceased had made a threat against the life of defendant as testified to by defendant," etc., there was no reversible error.

**4.—Same—Threats—Charge of Court.**

Where defendant alone testified that deceased had threatened to kill him, there was no error in the court's failure to charge that if defendant honestly believed he made such threat, etc.

**5.—Same—Jury and Jury Law—Practice on Appeal.**

Where defendant complained of the manner of selecting the jury on account of certain prejudice against Mexicans, but the record showed that evidence was heard on the motion for new trial on this matter, it must be presumed in the absence of the evidence that it did not sustain defendant's allegations.

Appeal from the District Court of El Paso. Tried below before the Hon. Dan M. Jackson.

Appeal from a conviction of murder in the first degree; penalty, imprisonment for life.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted of murder in the first degree and his punishment fixed at life imprisonment. It is unnecessary to recite the evidence. The State's case, by several disinterested witnesses, shows a wilful, premeditated killing.

Appellant made a motion for a continuance on the ground that he was too unwell to undergo trial. This was controverted by the State, and the affidavit of the jailer, where appellant was confined and had been for about a month, tends to show that appellant was not unwell as claimed. The trial court must necessarily have large discretion in such matters, and this court would not reverse unless the record showed a clear abuse of this discretion. There is nothing in this record which tends to show that the court in any way abused this discretion in his action in forcing appellant to trial at the time. Appellant has no other bill of exceptions. His other complaints are in his motion for new trial.

Nothing the record called for a charge on temporary insanity, produced by the voluntary recent use of ardent spirits, as provided for in article 41, Penal Code. Lucas v. State, 69 Texas Crim. Rep., 269, 155 S. W. Rep., 527; Clore v. State, 26 Texas Crim. App., 624; Ex parte Evers, 29 Texas Crim. App., 539.

The court submitted a charge on self-defense, based on appellant's testimony. There is no complaint to this charge. He also, in another paragraph, separately submitted self-defense on the ground of threats. Appellant, alone, testified that the deceased had threatened to kill him. No other witness testified to any such threat. The court, therefore, did not err in telling the jury that if they believed from the evidence, "deceased had made a threat against the life of defendant, as testified to by defendant," for he alone so testified; and the court did not err

in saying "a threat" as appellant himself testified to only one such threat. Even if his testimony bore the construction that he made another, such charge of the court, taken as a whole, would show no error on this point. Neither did the court in that charge err in charging, as above quoted, and in not charging in that connection that if defendant honestly believed he made such a threat. He alone so testified and no witness contradicted him. There was no question of other threats, communicated or uncommunicated. Hence, such a charge of honest belief was not called for.

The only other question is appellant claimed in his motion for new trial that while the sheriff was summoning the second special venire of forty men, a local newspaper in El Paso published an inflammatory article about the killing of certain persons in that country by Mexicans, and that he did not ask any of these veniremen on their voir dire anything about this for fear that by thus questioning these special veniremen, he might thereby give information to the eight jurors who had already been selected, and prejudice them; and that said newspaper article had been read by many persons on the streets of El Paso and the most intense anti-Mexican feeling was aroused and expressed by that other murder. The judgment of the court in overruling appellant's motion for a new trial states, after showing the appellant and his attorney were in court, and the State, by her district attorney, "and the court having heard the said motion and the evidence thereon submitted, is of the opinion that the same should be overruled," and thereupon overruled said motion. What evidence was introduced is in no way shown by the record. Under the circumstances, we must presume that the evidence heard on the motion for new trial did not sustain appellant's allegations in his motion for new trial.

The judgment is affirmed.                    *Affirmed.*