## SAM WEBER v. THE STATE.

### No. 3848.   Decided December 8, 1915.

**Theft of Cattle—Misconduct of Jury—Motion for New Trial.**

Where defendant in his motion for new trial, which was supported by affidavit, alleged that after the jury retired to consider their verdict and before arriving at a verdict, the jury discussed the fact that defendant had been in the penitentiary at a previous time for theft of cattle; that he was a bad man and a thief and that he was a member of a family who all died with their boots on, all of which was not in evidence, and the record showed that immediately after the reading of this motion counsel for defendant informed the court that he desired to place the foreman of the jury and all the other members of the jury who sat upon defendant's case upon the witness stand to prove this, which the court refused, and overruled the motion, the same was reversible error. Prendergast, Presiding Judge, dissenting.

Appeal from the Criminal District Court of Harris. Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*H. E. Kahn*, for appellant.—Cited Dixon v. State, 46 Texas Crim. Rep., 154.

*C. C. McDonald*, Assistant Attorney General, *John H. Crooker*, Criminal District Attorney, *E. T. Branch*, and *T. J. Harris*, for the State.—Cited Lankster v. State, 43 Texas Crim. Rep., 298, and cases cited in dissenting opinion.

DAVIDSON, JUDGE.—Appellant was convicted of cattle theft, his punishment being assessed at two years confinement in the penitentiary.

There is but one question necessary to be discussed in the light of this record. After the jury retired the bill of exceptions recites they received testimony other than that introduced before the jury. This was, of course, in the absence of the defendant, because it was in the jury room. The substance of this is, in their retirement and before arriving at a verdict the jury discussed the fact that appellant had been in the penitentiary at a previous time for cattle theft; that he was a bad man and a thief; that he was a member of the Weber family, and that all the Webers died with their boots on. These statements were made prior to the time the jury arrived at their verdict. It is further stated in the bill that no testimony was introduced on the trial showing or tending to show the character of the defendant, nor was there any evidence introduced showing or tending to show that the defendant had been in the penitentiary at a previous time for cattle theft, nor was there any testimony showing or tending to show that the defendant was a bad man and a thief, or to show to what family the defendant belonged, or that he belonged to the Weber family, or that the Webers had died with their boots on. It is further shown in the bill that by all of the jurors, including the foreman, appellant could have shown and would have shown that immediately after the retirement of the jury, in the absence of the defendant, that two of the jurors remarked and stated in the presence of all the jury that defendant had been in the penitentiary at a previous time for cattle theft, and that he was a bad man and a thief, and that he was a member of the Weber family, and that all the Webers died with their boots on. The defendant's counsel at this time offered to testify that he was informed by W. W. Wander, the son-in-law of one of the jurors, of the same facts set up in the motion for new trial and narrated in this bill, all of which was excluded. The bill further narrates the fact that all the witnesses who testified on the trial were Williams, A. Blau and Geo. Blau. The Blaus knew nothing of the facts of the theft. One of them was owner of the cattle. The other one testified that the cattle were there the day before they were alleged to have been stolen, Williams being the witness relied upon by the State. The testimony of Williams raised

.the issue as to whether he was an accomplice, and the court submitted that issue to the jury. This motion for new trial is sworn to by the defendant. The testimony of the jurors was rejected. It is further shown that immediately after the reading of the motion defendant's counsel told the court he desired to place the foreman of the jury which convicted defendant and all the other members upon the witness stand, setting out the names of each of the twelve jurors. The court sustained the State's demurrer to the amended motion for new trial. It is further alleged had he been permitted to introduce the jurors he could have shown by them as he had stated and the facts mentioned in his motion and bill of exceptions. The court qualified this bill and said the court sustained the motion of the State to strike out the said second ground of defendant's motion for new trial for the reasons urged by the State in its motion, and for the further reason that the ground of the motion was subject to general demurrer and presented no issue and was not such an affidavit of any ground of misconduct as would justify or authorize the court to permit the jurors to be sworn and interrogated as to a verdict which the court thinks was justified and demanded by the testimony adduced on the trial. The State's motion to strike out alleges that the motion for new trial was insufficient to require an answer and formed no issue, and too vague and indefinite, and further asks that it be stricken out "as the same appears on its fact to be what might properly be termed 'a fishing expedition' to determine some imaginary ground on which to secure a new trial, and which if permitted to be done on motion for new trial would lead in each case, without any real grounds for a new trial, to an inquiry into the basis or reasons why the jury in each case returned a verdict of guilty."

We are of opinion that the contention of the State should not have been sustained. The affidavit is sufficient to raise the issue under Hicks v. State, 75 Texas Crim. Rep., 97, 171 S. W. Rep., 755, and Calyon v. State, 76 Texas Crim. Rep., 83, 174 S. W. Rep., 591. These jurors, under the bill of exceptions, and motion for new trial, would have stated that these matters were discussed and if they were there is no question of the fact that the motion for new trial should have been awarded. One of the most thoroughly considered cases in reference to this character of conduct by the jury will be found in Mitchell v. State, 36 Texas Crim. Rep., 278, in an opinion by Judge Hurt. The testimony was of a material nature. It affected the defendant's character in various respects. This matter had not been before the jury and was of a very material character.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*


PRENDERGAST, PRESIDING JUDGE.—I dissent. I think this case comes clearly within the cases of Calyon v. State, 76 Texas Crim. Rep., 83, 174 S. W. Rep., 591, and Hicks v. State, 75 Texas Crim. Rep., 461, 171 S. W. Rep., 755, and the lower court's action was correct. This case

should be affirmed and not reversed. The bill as a whole shows the court sustained the State's demurrer to appellant's motion, and it was after this he offered to introduce the oral evidence, and at a time when he had no pleading to base any evidence upon.

HARPER, JUDGE.—I concur in the reversal of the case, bill No. 8 showing the following facts: "Because the jury received other evidence against defendant of material character after said jury had retired to consider of their verdict and in the absence of defendant, in this, that said jury discussed the character of the defendant and it was stated in the jury room, so defendant is informed, and believes, and upon such information and belief alleges, that defendant had been in the penitentiary at a previous time for cattle theft, that he was a bad man and a thief, that he was a member of the Weber family, and that all the Webers died with their boots on; all of which statements so made by the jury were made prior to the time that the jury arrived at its verdict, and defendant shows that no testimony was introduced on the trial of this cause showing, or tending to show, the character of this defendant, nor was there any evidence introduced in this cause showing or tending to show that the defendant had been in the penitentiary at a previous time for cattle theft, nor was there any testimony in the record showing or tending to show that the defendant was a bad man and a thief, nor was there any testimony introduced showing or tending to show to what family the defendant belonged, and no testimony that he belonged to the Weber family and that all of the Webers died with their boots on; and defendant prays that your honor will hear evidence upon this ground of his motion, so that the matters of fact so heard be made a part of this record in case this his motion for a new trial be overruled. There being no testimony upon the trial of this cause showing or tending to show the character of this defendant, nor was there any evidence introduced on the trial in this cause showing or tending to show that defendant had been in the penitentiary at a previous time for cattle theft, nor was there any testimony in the record showing or tending to show that the defendant was a bad man and a thief, nor was there any testimony introduced showing or tending to show what family the defendant belonged to, and that he belonged to the Weber family, and that all the Webers died with their boots on; and immediately after the reading of said motion defendant's counsel told the court that he desired to place the foreman of the jury that convicted defendant and also all the other members of said jury that so convicted defendant upon the witness stand, towit: O. J. Brown, S. A. Byer, C. S. Miller, Louis Blecker, H. Butcher, Joe Baumart, J. B. Kendall, Eugene Massa, A. Anderson, L. A. Hilderbrandt, and B. A. Brocker, which said request the court declined, the court having sustained a demurrer urged by the State in its answer to defendant's said amended motion for a new trial, a copy of which answer of the State is attached hereto and made a part hereof. By said witnesses, towit: the foreman and all the other eleven jurors, the defendant would have

shown that immediately after the retirement of the jury to their room, and in the absence of the defendant, that two of said jurors remarked and stated in the presence of all the jury, that the defendant had been in the penitentiary at a previous time for cattle theft, and that he was a bad man and a thief, and that he was a member of the Weber family, and that all the Webers died with their boots on; and thereupon defendant's counsel offered to testify that he was informed by W. W. Wander, the son-in-law of one of the jurors, the same facts as set up in defendant's second ground of his amended motion for a new trial; that said juror, the father-in-law of said Wander, made said statement to said Wander after the trial of said case."

I do not think these facts bring the case within the rule announced in the Calyon nor Hicks cases. In the Hicks case no affidavit was made to the motion for new trial. In this, the motion was sworn to. In the Calyon case the motion was general that they had heard, etc., and did not give the name of informant. In this case the name of informant is given, and witness offers to swear to such fact or testify to it.