## Will Luman v. The State.

### No. 5577. Decided November 26, 1919.

#### 1.—Manslaughter—Misconduct of Jury—Facts not in Evidence.

Where, upon trial of murder and a conviction of manslaughter, it was shown in motion for new trial that the jury discussed the fact of another homicide, implicating defendant therewith, and that his codefendant had been convicted thereof, neither of these questions having been admitted

in evidence upon trial, but occurred after the retirement of the jury and before reaching their verdict, the same was reversible error. Following: Horn v. State, 50 Texas Crim. Rep., 404, and other cases.

### 2.—Same—Argument of Counsel—Practice on Appeal.

Where the judgment is reversed and the cause remanded for other reasons, the objection to the argument of State's counsel need not be considered.

Appeal from the District Court of Haskell. Tried below before the Hon. W. R. Chapman, judge.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*W. H. Murchison, Cunningham & Oliver,* for appellant. On question of misconduct of jury: Weaver v. State, 210 S. W. Rep., 699, and cases cited in the opinion.

*Alvin M. Owsley,* Assistant Attorney General, for the State.— On question of misconduct of jury: Oats v. State, 56 Texas Crim. Rep., 571, 121 S. W. Rep., 370; Cox v. State, 12 id., 493.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of manslaughter and allotted five years in the penitentiary.

It is unnecessary to make a statement of the case in reference to the facts. The question presented for revision involve misconduct of the jury and argument of one of State's counsel. With reference to the argument of the prosecuting officer, it may be sufficient to say for this appeal that it is disposed of upon the statement that such argument should not occur upon another trial. This is said in view of the fact that the case will be reversed upon the misconduct of the jury. Portions of the argument of the prosecuting attorney, it seems, led to some of the alleged misconduct on the part of the jury.

The bill of exceptions shows, in substance, that after the jury retired and before arriving at their verdict matters were mentioned, and more or less discussed, which were not introduced in evidence. Appellant was convicted of killing a man by the name of Bostick. The bill, in brief, recites that the jury mentioned and discussed the fact that appellant had been indicted for the killing of Judge C. C. Higgins, and also the fact that Rasberry, a co-defendant of this appellant, had been previously tried in Jones county and allotted a term of ten years in the penitentiary. Neither of these questions was before the jury in admitted testimony. It occurred after the retirement of the jury and before reaching their verdict. Upon the first ballot after the jury retired they stood six for conviction and six for acquittal. It was stated by one or more

of the jurors in the jury room that appellant was under indictment for killing Judge Higgins, and that Rasberry, appellant's codefendant, had been convicted in Jones county, and was then serving a term of ten years in the penitentiary, and it was also stated that Rasberry had not fired a shot but had been given ten years, while appellant who did the shooting ought to have twenty or twenty-five years. It is shown that the facts stated by the jurors were unknown to a number of the jurors until it was mentioned in the jury room. A number of the jurors were introduced as witnesses on the trial of the motion for new trial setting up these matters. The testimony is not much in contradiction as to what occurred from the testimony of these jurors. One or two of them did not hear much about it and seem to have paid but little attention to it, and one of them, perhaps the foreman, stated to the jury at the time they were discussing these matters, it should not be considered by them. They all testified substantially that these matters did not influence them in finding their verdict. One of them, however, did state it may have affected his action in assessing punishment. Four of the jurors did not testify. After deliberating on this matter and after hearing this testimony, the jury returned a verdict for manslaughter and gave appellant five years without suspended sentence, which he had requested them to do. We are of opinion that this is such misconduct as will require a reversal of this judgment. The matter has been discussd frequently and elaborately, and so much so that the writer does not feel called upon to elaborate the questions. The Horn case, 50 Texas Crim. Rep., 404, seems to be very much in point. The questions involved are very similar. See also McDougal v. State, 81 Texas Crim. Rep., 179; Mitchell v. State, 36 Texas Crim. Rep., 278; Webber v. State, 78 Texas Crim. Rep., 253; Weaver v. State, 85 Texas Crim. Rep., 111, 210 S. W. Rep., 699; Mills v. State, 74 Texas Crim. Rep., 137, 168 S. W. Rep., 88; Mizell v. State, 81 Texas Crim. Rep., 241, 197 S. W. Rep., 303; Chenault v. State, 83 Texas Crim. Rep., 104, 201 S. W. Rep., 658. Judge Henderson, in the Horn case, *supra,* discussed these matters at length as did Judge Morrow in the Weaver case, *supra,* and Judge Hurt in the Mitchell case, *supra.* Judge Harper discussed the matter at some length in the McDougal case, *supra.* See also Gilbert v. State, 85 Texas Crim. Rep., 597, 215 S. W. Rep., 106.

We are of opinion that this misconduct of the jury was such as to require a reversal of this judgment, and it is accordingly so ordered.

*Reversed and remanded.*