W. F. SUDDATH v. THE STATE.

No. 6211.　Decided December 7, 1921.

**Murder—Misconduct of Jury—Practice on Appeal.**

Where, upon appeal from a conviction·of murder, it appeared from the record that the jury while deliberating upon their verdict received evidence which was not before them during the progress of the trial, and that this influenced the verdict of the jury, the judgment must be reversed and the cause remanded. Following Gilbert v. State, 85 Texas Crim. Rep., 597, and other cases.

Appeal from the District Court of Clay. Tried below before the Honorable H. F. Weldon.

Appeal from a conviction of murder; penalty, five years imprisonment in the penitentiary.

90 T. C.—26

The opinion states the case.

*R. E. Taylor* and *Chas. L. Black,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Clay County of murder, and his punishment fixed at confinement in the penitentiary for a period of five years.

In our view but one question need be mentioned. In his motion for new trial appellant complained of misconduct on the part of the jury, in that while deliberating upon the case after their retirement they received evidence which was not before them during the progress of the trial. Upon the hearing of said motion the jurors who tried the case were before the court, and apparently without any contradiction all testified that while they were deliberating upon the case and before they reached their verdict, it was discussed by them, to a greater or less extent, that appellant had killed another man at a former time. One of the jurors who had not theretofore agreed to convict appellant of murder testified that he was influenced by said discussion and the fact that appellant had previously killed another man, to agree to a conviction for murder, whereas he had theretofore been for manslaughter. It also developed that a number of the jurors had never before heard of the fact mentioned.

This question has been before us in various forms and at many times, and, as made by the record before us, seems to have always been held reversible error. Our Assistant Attorney General confesses error upon this point, citing Gilbert v. State, 85 Texas Crim. Rep., 597, 215 S. W. Rep., 107; Luman v. State, 86 Texas Crim. Rep., 298; 216 S. W. Rep., 395; Lankster v. State, 43 Texas Crim. Rep., 298, 65 S. W. Rep., 378; Hughes v. State, 43 Texas Crim. Rep., 511, 67 S. W. Rep., 104; Hughes v. State, 44 Texas Crim. Rep., 296, 70 S. W. Rep., 746; Clements v. State, 69 Texas Crim. Rep., 369, 153 S. W. Rep., 1137; Art. 837, subdivision 7, Vernon's C. C. P.

Because of the misconduct of the jury and its character, and the fact that in such case a new trial is made mandatory by the terms of Article 837 of Vernon's C. C. P., the judgment of the trial court will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*