## J. W. HOWELL v. THE STATE.

No. 7265.   Decided June 6, 1923.

**Arson—Misconduct of Jury—Receiving Other Testimony.**

Where, upon appeal from a conviction of arson, it appeared from the record that the jury, after having retired to deliberate upon a verdict, had received other testimony than that introduced in evidence upon the trial,

the judgment must be reversed and the cause remanded; especially as the conviction rested upon circumstantial evidence.

Appeal from the District Court of Floyd. Tried below before the Honorable R. C. Joiner.

Appeal from a conviction of arson; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Austin C. Hatchell,* and *Kinder & Russell,* for appellant. On question of misconduct of jury, Snow v. State, 237 S. W. Rep., 563; Gates v. State, 225 id., 170; Derrick v. State, 187 id., 759; White v. State, 161 id., 977.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Floyd County of arson, and his punishment fixed at two years in the penitentiary.

We consider but one question, viz: the misconduct of the jury. It is approved in the seventh subdivision of Article 837 of our Code of Criminal procedure that a new trial shall be granted where the jury, after having retired to deliberate upon a case, have received other testimony. Appellant asked a new trial in this case upon that ground. The court heard the testimony of five jurors. Juror Blake testified, among other things, as follows:

I heard some discussions about other fires, in the jury room, there that day. I don't recall the exact words that were used, but the following is the substance of what was said, ' There have been some ten of twelve suspicious fires in and about Lockney within the past year, somebody is causing these fires and it has got to be stopped. The only way to stop it is to begin to convict somebody.' This took place in the jury room when we were discussing the kind of verdict we ought to return. We weren't all together, some were in the other room. I also heard the following words, or in substance to the words, ' There are entirely too many fires going on here and if we don't convict the defendant we had just as well turn him loose and give him a license to burn us out. ' ''

This juror said that the jury stood six to six upon their first ballot, he being for acquittal. He also made the following statement:

''I changed my verdict from the time I went into the jury room, and later voted guilty; something influenced me in changing my verdict. I wouldn't undertake to tell the court that these statements I heard didn't enter into my consideration or was not one of the causes of me changing my ballot.''

Juror Anderson testified, among other things, there he heard some-

thing mentioned in the jury room there about some fires, that there was some sharp discussions among the jurors. He did not undertake to deny the statements made by juror Blake but said that "he would not say" he heard the remarks made testified to by Mr. Blake. Juror Rose testified as follows:

"I heard this remark in the discussion, 'There has been some ten or twelve suspicious fires in or about Lockney within the past year, and it has got to be stopped.' I heard this, but not in those exact words. This was the substance, except that part 'It has got to be stopped,' that wasn't mentioned, that I heard."

Juror Ewing testified that he did not think he heard the remarks testified to by juror Blake but that he did hear some discussion about other fires in the jury room. He was sick and out of the room for a while. Juror McDonald testified that he heard another juror, Mr. Hammitt, say: "Boys, I believe this man is guilty. If he is guilty and we turn him loose we just say to him, come out and burn the rest of us out." He said there were some very heated discussions in the jury room.

There appears nothing in the record in testimony as to any fires in Lockney or elsewhere other than that involved in the instant transaction, which was the burning of a barn out in the country. The case rested on circumstantial evidence, the State's testimony mainly depending upon the identity of certain horse tracks found in the vicinity of the barn after the fire, with the tracks of a horse belonging to the appellant. No peculiarities of the tracks appeared. It was in testimony that there was a place where some horse had evidently been tied and had trampled around a little space not far from said barn, apparently on the night of the fire. These tracks were measured by means of a rod. Similar tracks were discovered going down the road, and at a place where some gray hair was found on a wire fence, said tracks apparently turned into a pasture. Appellant owned a gray mare and she was later caught out in a pasture and caused to make tracks which were measured and witnesses testified to the correspondence in size and measurement to the tracks found near appellant's barn. Disagreements between appellant, who had been a tenant of Mr. Lawson, the gentleman whose barn was burned, were shown; also threats made by appellant directed at Lawson.

There can be no dispute of the fact that the jury received other testimony. According to the testimony of all the jurors introduced there was a discussion in the jury room of other fires in that part of the country. There was no such testimony introduced. The testimony of juror Blake was in nowise disputed, which is above quoted. It is supported by the testimony of juror Rose. Prior to this discussion in the jury room and the making of these statements, the jury were evenly divided. Thereafter the six who were for acquittal

changed their ballots and voted for conviction. One of the jurors testified that he could not say but that the statements so made in the jury room influenced him. Seven of the jurors did not appear and testify. We are unwilling to lend our sanction to the proposition that this appellant has had that fair and impartial trial which is guaranteed by our Constitution.

For the reason above given, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*