## WILL JONES V. THE STATE.

No. 9953.   Delivered March 17th, 1926.

**Sale of Intoxicating Liquor—Misconduct of Jury—Discussing Defendant's Reputation—Reversible Error.**

Where, on a trial for the sale of intoxicating liquor, before the jury had agreed on their verdict, and while four or five were for an acquittal, one of the jurors stated that this was not the first time that the appellant had been charged with selling whiskey and another remarked that he was an old hand at it, this misconduct of the jury in discussing matters of a harmful character, which were not in evidence, requires the reversal of the case. Following Gilbert v. State, 85 Tex. Crim. Rep. 597, and other cases cited. Also see Art. 837, Old Code, Art. 753 Rev. Code of 1925.

Appeal from the District Court of Newton County.   Tried below before the Hon. V. H. Stark, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*J. B. Force* of Newton, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE—The unlawful sale of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for one year.

According to the state's evidence, Price, the alleged purchaser, had a conversation with the appellant in which appellant was told that Price wanted some whisky. The witness was told to wait until appellant returned, stating that he had rented some land from one Parker and that he desired that the witness go and count the posts and ascertain how many acres there were in the place. The witness said that when he first approached the appellant he gave him three dollars; that after counting part of the posts he found near one of them a bottle of whisky or "shinny," which was intoxicating. The witness did not see the appellant with any whisky or see him about the place where the whisky was found.

Upon these circumstances the case was submitted to the jury. There was no charge on circumstantial evidence, and there was no complaint of the court's failure to do so.

After some deliberation the jurors were divided in their opinion touching the guilt of the appellant. Four or five of

them were for an acquittal; the others were for a conviction. At this stage of the proceeding, one of the jurors stated that this was not the first time that the appellant had been charged with selling whiskey. Another remarked that he was an old hand at it. The jurors were all called as witnesses on the hearing of the motion for new trial and their evidence leaves no ground for controversy and is not in conflict touching the fact that the appellant's character and his previous conduct with reference to violations of the liquor laws were brought into the case for the first time by members of the jury during their retirement. It is also made clear that this happened before the verdict had been agreed upon and while several members of the jury favored an acquittal. The statute upon the subject is definite and imperative to the effect that a new trial should be awarded where, after they have retired and before they have agreed upon a verdict, new and material evidence adverse to the appellant comes to them. See Art. 837, Old Code; Art. 753. Rev. of 1925. In the construction of the statute, the precedents are numerous to the effect that information given by a member of the jury to his fellows is new evidence; and that generally speaking, where such information relates to previous convictions or evidence adverse to the character of the accused, its receipt cannot be regarded as immaterial. See Gilbert v. State, 85 Texas Crim. Rep. 597; Hilliard v. State, 87 Texas Crim. Rep. 416; Hallmark v. State, 230 S. W. 697; Luman v. State, 86 Texas Crim. Rep. 298; Hanks v. State, 269 S. W. Rep. 106; McDougal v. State, 194 S. W. Rep. 944. It appearing in the present case that new and material evidence adverse to the appellant was brought to the jury during their retirement and before an agreement was reached upon the guilt of the appellant and there being nothing in the record upon which to found the conclusion that the appellant was not injured, a new trial should have been granted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*