A. F. REES v. THE STATE.

No. 12133. Delivered January 23, 1929.

The opinion states the case.

*B. D. Tarlton* of Corpus Christi, for appellant. On misconduct of jury, appellant cites: Buessing v. State, 63 S. W. 318; Dickson v. State, 79 S. W. 310; Crow v. State, 82 S. W. 1033; Mann v. State, 83 S. W. 195; Horn v. State, 97 S. W. 822; Vanduran v. State, 98 S. W. 247; Dunn v. State, 161 S. W. 467; Steen v. State, 266 S. W. 786; Rogers v. State, 272 S. W. 183; Womack v. State, 274 S. W. 588; Tally v. State, 278 S. W. 195; Ainsworth v. State, 287 S. W. 250; Taylor v. State, 299 S. W. 402; and McDonald v. State, 1 S. W. (2d) 892.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession for the purpose of sale of liquor capable of producing intoxication; penalty, one year in the penitentiary.

Two errors are discussed in the brief of appellant on file. The first of these relates to the action of the Court in forcing appellant to be tried during the absence of his counsel and without any counsel to represent him, it appearing that the attorney whom he had employed to represent him was unavoidably detained in the trial of another case in Nueces County. In view of the disposition we make of this case, we deem it unnecessary to discuss this matter as it will not likely again occur.

The second proposition relied on by appellant for a reversal is the action of the trial court in overruling appellant's motion for new trial, it being alleged in said motion that the jury was guilty of misconduct in that it received and considered evidence not introduced in the trial of the case of a highly prejudicial character. Evidence was introduced on the hearing of appellant's motion for new trial, the substance of which was that on the first ballot the jury stood eleven for conviction and one for acquittal; that thereafter some of the jurors who were for conviction informed Fred McMahon, who had voted for acquittal, that appellant was a bootlegger and that other members of appellant's family had also been indicted for similar offenses, and also that they "had sent a boy off to the penitentiary the other day for two years, said that he was drunk when

he passed the checks." . It was uncontradictorily shown that this occurred and that there was no evidence given on the trial of any such facts and that thereafter Mr. McMahon changed his vote from one for acquittal to conviction. One of the jurors admitted that he told McMahon that he had heard that appellant had been bootlegging before this and that he had heard about other members of his family having been engaged in the same business. He further answered that he thought he had the right to talk about most anything he pleased in the jury room.

The issue of appellant's guilt was a hotly contested one, and though appellant was not represented by counsel he entered vigorous denial of the State's testimony and claimed that he would be able to fully corroborate his denial by the testimony of several witnesses if his counsel were present. Similar questions have been many times before this Court. In the recent case of Sparks v. State, 300 S. W. 938, a discussion of this same question sufficiently disposes of appellant's contention here and from this authority we quote:

"Where evidence is received by the jury after its retirement which is calculated to bring about a conviction, this court will not speculate on its injury to appellant. 'Reception of such evidence requires this court under the statute and its uniform holdings to award a new trial. Brown v. State, 101 Tex. Cr. R. 639, 276 S. W. 929; Howell v. State, 94 Tex. Cr. R. 563, 252 S. W. 539; article 753, sub. 7, Vernon's C. C. P. 1925, and authorities there cited. That appellant was a tough character and had been guilty of ruining young men was certainly under the issues of the case not admissible against him from the witness stand, where he might have had the privilege of cross examining the witnesses and offering rebuttal testimony. It would have a more harmful effect, we think, where given to the jury secretly in his absence by ex parte, unsworn statements, without any opportunity of rebuttal or cross-examination. This bill shows such error as demands a reversal."

Other cases to the same effect are Williamson v. State, 136 S. W. 1071; Hall v. State, 241 S. W. 154; Taylor v. State, 299 S. W. 402.

For the error discussed the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.