### BURKETT AUTREY v. THE STATE.

No. 12858. Delivered February 5, 1930.

The opinion states the case.

*John Ranspot* of Mineral Wells, and *McLean, Scott & Sayers* of Fort Worth, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession for the purpose of sale of intoxicating liquor; penalty, two years in the penitentiary.

Officers searching the residence of appellant found therein a half gallon of whiskey and a quantity of empty half-pint bottles. Appellant introduced evidence from physicians tending to show that the whiskey was kept by him as a medicine for his wife. There was no evidence of any sale. On motion for new trial jury misconduct was alleged and jurors testified in substantiation of same. From the testimony of Juror Davis we quote.

"Yes, I think there was something said about his wife having quit him and filed suit for divorce on account of his being a bootlegger. . . . I think his general reputation was discussed during the deliberations. . . . I think the matter with reference to his wife having sued him for a divorce for being a bootlegger was discussed before we had arrived at a verdict. . . . I believe the first ballot was taken on innocence and guilt. I think that it was ten for guilty and two not guilty. . . . I heard some one say while we were deliberating in this case that he had known this defendant twelve or fifteen years, and he had never been anything else but a bootlegger. . . . My first vote was one year. Yes sir, after hearing this discussed I finally agreed to two years."

Other jurors testified to substantially the same thing. It was not denied. No such testimony was introduced in evidence. Under the mandatory provisions of Art. 753, Subdivision 7, a new trial shall be granted where it is shown that the jury, after having retired to deliberate upon a case, have received other testimony. Where such fact is shown, the Courts will not speculate on the injury to appellant, particularly where the verdict, as in this case, is twice the minimum. Nor will the error be cured by the introduction of evidence, as appears in this case, from some of the jurors that such matters did not affect their verdict. The question has been so many times and so plainly decided that trial judges ought to understand by now that a new trial should be granted upon a showing of the character indicated herein. See Sparks v. State, 300 S. W. 939; Brown v. State, 101 Tex. Crim. Rep. 639; Howell v. State, 94 Tex. Crim. Rep. 563; Rees v. State, 13 S. W. (2d) 108. The trial court should have taken the action that we are now forced to take under the law and given appellate a new trial.

Reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.