CLIFTON CRYER V. THE STATE.

No. 20422. Delivered May 24, 1939.

The opinion states the case.

*Jones & Kirkman* and *John J. Pichinson,* all of Corpus Christi, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, Judge.

The offense is driving an automobile on a public highway while intoxicated; the punishment, confinement in the penitentiary for 18 months.

In his motion for new trial appellant alleged that the jury, after retiring to deliberate upon the case, received other testimony. The specific complaint is that, before the penalty was determined, one of the jurors stated, in the presence and hearing of the jury, that appellant had been drunk on other occasions, and, further, that the transaction for which appellant was being tried was not his first offense. The testimony complained of had not been received in evidence during the trial. The juror alleged by appellant to have made the statement in question testified upon the hearing of the motion, in part, as follows: "As to the nature of the discussion about his (appellant's) drinking and the former offenses of Mr. Cryer (appellant) well, I didn't understand what offenses Mr. Talley was referring to, but what I said was that it wouldn't be the first time Mr. Cryer had been drunk, that I didn't know anything about them personally, and that I couldn't cite him to anybody who had told me that he had been drinking prior to this time that he had had this collision with this girl, but I had heard of them. As to whether or not I knew of things like that or have heard of it, although I, myself, didn't see it or didn't know of it of my own personal knowledge, from what I heard I had heard with reference to the matter: That was just in the discussion with Mr. Talley. * * * That conversation was not with the jury in general but I believe it was with Mr. Talley, because there wasn't anybody else holding out. He wasn't holding out at that time for six months but was ready for a year." The juror Talley testified that after a vote had been taken finding the appellant guilty he suggested that the penalty be assessed at ninety days in jail and a fine of five hundred dollars. Later he voted for imprisonment in the peni-

tentiary for six months. After some discussion he suggested that he would agree to a verdict fixing the punishment at confinement in the penitentiary for one year. At this juncture one of the jurors made this statement to him: "Well, I know its not his (appellant's) first offense and you know its not his first offense." Mr. Talley also testified: "As to being given to understand that he had been drunk before by this juror, I guess he knew what he was talking about." The juror also stated that his affidavit attached to the motion for new trial spoke the truth. In the affidavit he said: "In addition to the above, one or more of the jurors, in particular, Rockey Reagan, stated to me when they were trying to get me to agree to a higher penalty and while I was only willing to give him one year, that he (Mr. Rockey Reagan) had seen and knew that the defendant had been drunk on other occasions and that he insisted to me that I likewise knew of the facts that he had been drunk on other occasions, when in truth and in fact I don't know of my own knowledge that he had been drunk nor had I ever seen him drunk at any time." The testimony as to the misconduct of the jury was not controverted.

We are of opinion that the trial judge fell into error in refusing to grant appellant's motion for new trial. Subdivision 7 of Art. 753, C. C. P., provides that a new trial shall be granted in cases of felony where the jury, after having retired to deliberate upon a case, have received other testimony. Information given by one of the jurors to others is new and other testimony within the meaning of the statute. Holland v. State, 298 S. W. 898. Manifestly, the statements as to other occasions upon which appellant had been drunk were made to juror Talley for the purpose of persuading him to agree to a verdict condemning appellant to confinement in the penitentiary for eighteen months when it was the judgment of the juror that he should not be confined for a longer period than one year. The statements were of such material character as to create the presumption that they resulted in injury to appellant; and from the record before us it appears that injury did result.

In submitting the question whether appellant's sentence should be suspended the court instructed the jury that same might be suspended if they assessed the punishment at confinement in the penitentiary for two years or less. In short, the jury were not given the privilege of suspending the sentence in the event they assessed the punishment at a fine or imprisonment in the county jail. In Gordon v. State, 120 S. W. (2d) 1071, we held that the statute relative to the suspension

of sentence of one convicted of a felony does not limit such right to cases in which a penitentiary term is assessed. In short, the conviction need be only for a felony and the fact that the punishment is assessed at a fine or imprisonment in the county jail will not prevent the suspension of the sentence if recommended by the jury. In view of the fact that the punishment assessed against appellant was confinement in the penitentiary for eighteen months, it might be that the erroneous charge of the court would not warrant a reversal of the judgment of conviction. As the case must be reversed because of the misconduct of the jury, we do not decide whether the error in the charge should work a reversal.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.