PRESTON SOWERS v. STATE.

No. 24766. May 10, 1950.

*Justice, Moore & Justice,* Athens, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted for the sale of whiskey in a dry area, and the jury assessed his punishment at six months in jail and a fine of $500.

The state's evidence consisted of proof of the dry status of the area, and the testimony of the alleged purchaser, an agent of the Texas Liquor Control Board.

The agent testified that he purchased a pint of whiskey from appellant in Athens, at 5:55 or 6:00 o'clock P. M. on May 27, 1949, and paid him $5.00 therefor; that his purpose in being in the area was to attempt to catch bootleggers; that he worked as an undercover agent.

Appellant denied that he had sold whiskey to the agent, and testified that he had never seen the agent prior to his arrest on the night of May 27, 1949.

In an application for continuance, appellant alleged under oath that he was at a point some 18 miles from Athens at the time the agent testified he purchased the whiskey from him in Athens, which allegation he represented could be verified by an absent witness.

In his motion for new trial he complained of the overruling of his application for continuance, and attached thereto the affidavit of the absent witness supporting his claimed alibi.

Appellant further, in his motion for new trial, alleged misconduct of the jury in receiving other evidence in the jury room while deliberating on their verdict.

The specific acts alleged as prejudicial discussion of matters not in evidence are quoted in part from appellant's motion for new trial as follows:

"That during the discussion the foreman of the jury, Ralph Hallum, who had voted to find the defendant guilty, made the following prejudicial statement to the other jurors in support of his argument to find the defendant guilty, to-wit: 'The defendant has been in jail for whipping his wife; that the Sowers have been boot-legging.' "

" 'The defendant formerly shined shoes at a barber shop in the city of Athens, and was fired because he was bootlegging from the barber shop.' "

In support of such allegations appellant attached to his motion for new trial the affidavit of two of the jurors, from which we quote the following:

"* * *; that during the discussion Ralph Hallum, the foreman of the jury and one of the members of the jury voting to find the defendant guilty, stated that the defendant had been in jail for whipping his wife. He further stated that the Sowers had been bootlegging."

The state controverted the motion for new trial, and the trial court heard evidence on the issues joined.

In support of his motion, appellant offered the affidavits attached thereto, and also the affidavit of a third juror to the same effect as that of the other two jurors.

The foreman, Ralph Hallum, was then called by the state, and on direct examination testified:

"My name is Ralph Hallum. I was one of the jurors in the case where Preston Sowers was tried on November 4, 1949. I did not make the statement in the jury room that the defendant had been in jail for whipping his wife. I did not make the statement that the Sowers had been bootlegging. I did not say the defendant had formerly shined shoes in a barber shop in Athens and was fired for bootlegging in the barber shop, I said he was fired because of whiskey."

Appellant's motion for new trial being overruled, exception was reserved, and is here presented in two bills of exception.

Bill of Exceptions number two, in part, reads: "* * * the jury was guilty of the following misconduct in their deliberation as is shown by the following evidence taken upon the hearing on defendant's amended motion for a new trial.

"The foreman of the jury, Ralph Hallum, testified upon the hearing of the motion for a new trial, as follows:

" 'I told the jury that he (speaking of the defendant) was fired from this barber shop because of whisky. I didn't say because he was bootlegging; it could have been because he was drinking.'

"The juror, Austin Hargrave, testified that Ralph (speaking of Ralph Hallum, foreman of the jury) stated: 'Is that the negro

that worked for a barber shop here, and was he fired on account of whiskey? * * *'

". . . During that discussion these things about him being fired from a barber shop on account of whiskey and whipping his wife and these things took place between the two ballots; and after the discussion we voted and all voted to find him guilty. * * *

"The witness, V. M. Herrington, testified: 'I remember that Ralph Hallum said something about that being the same negro that was charged with whipping his wife. * * *'

"The juror, Maurice DeWalt, testified: '* * * During the discussion Ralph Hallum said something about the Sowers had been bootlegging. I remember him making that statement that this was the same negro that had been in jail for whipping his wife. * * *'

"The juror, J. P. Parker, testified: '* * * Ralph Hallum made the statement that the Sowers had been bootlegging, and that this was the same negro that was in jail for whipping his wife;' * * *.''

There is no testimony in the record which may be construed as furnishing a fair basis for the admitted statement of the foreman of the jury to the effect that appellant had been fired from the barber shop because of whiskey, nor is there basis in the evidence for the statement that appellant had whipped his wife. The making of the latter statement is testified to by several jurors some of them denying only that it was further stated that appellant was put in jail for such misconduct.

And we are unable to agree with the state's contention that a fact issue as to the alleged acts constituting jury misconduct was resolved by the trial court against appellant.

The bill of exception approved by the trial court sets out the testimony tending to show the discussion that did occur, and it is significant that the testimony to the contrary by the jury foreman and other jurors is not set out or referred to therein.

The facts as testified to by the witnesses and above quoted from the bill were evidently the findings of the trial court, and such findings find support in the evidence.

The punishment being greatly in excess of the minimum

provided by law for the offense charged this court will not speculate on the question of injury to appellant.

Under the provisions of Art. I, Sec. 10, of the Constitution of Texas, and Art. 753(7), C.C.P., appellant's motion for new trial should have been granted. See Autrey v. State, 113 Tex. Cr. R. 567, 24 S. W. 2d 432; Pafford v. State, 138 Tex. Cr. R. 299, 135 S. W. 2d 990; and Cryer v. State, 137 Tex. Cr. R. 131, 128 S. W. 2d 808.

Since the case must be reversed for misconduct of the jury, it is unnecessary to discuss bill of exception number one relating to the matter of continuance.

The judgment is reversed and the cause remanded.

Opinion approved by the court.