ARTHUR BIRD v. THE STATE.

No. 7323.   Decided February 28, 1923.

Rehearing Denied June 20, 1923.

1.—Selling Intoxicating Liquor—Evidence.

Upon trial of unlawfully selling intoxicating liquor, there was no error in introducing testimony that the jar exhibited to the witness contained the whisky sold him by the defendant, and contradictory statements of the witness could only affect the weight of the testimony.

2.—Same—Evidence—Moral Turpitude of Witness.

Where complaint was made of the fact that the trial court refused to allow defendant to ask a witness in the presence of the jury if he had not been charged by complaint with assault to rob some thirteen years prior to this trial, which the court refused to admit on account of its remoteness, and the further fact that the complaint had not matured ino an indictment, there is no reversible error.

3.—Same—Evidence—Retiring Jury—Moral Turpitude.

Where counsel for the defense proposed to lay a predicate to impeach the State's witness because he had entirely denied having ever been arrested on a complaint of assault to rob thirteen years prior to this trial, and the court had already ruled upon a similar question against the defendant, but again offered to retire the jury when the court would rule on the matter, but the counsel declined to further question the witness while the jury were in retirement, there is no reversible error.

4.—Same—Accomplice—Charge of Court.

Where a certain State's witness was a principal in the purchase of intoxicating liquor, he is no longer an accomplice since the amendment of the Dean Law became effective.

5.—Same—Rehearing—Accomplice—Purchaser.

Where the appellant contended in his motion for rehearing that the purchaser of the liquor could not be held as an accomplice, but insisted that his companion did not come within the immunity, and that therefore the trial court committed error in failing to charge on accomplice's testimony. *Held* that the witness was brought into such relation to the sale that he could be convicted as a principal to the purchase, a charge on accomplice's testimony was not required under Article 588¼A3, Penal Code.

Appeal from the Criminal District Court of Williamson.   Tried below before the Honorable James R. Hamilton.

Appeal from a conviction of selling intoxicating liquor;   penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. F. Taublee,* and *Wilcox & Graves.*

*R. G. Storey,* Assistant Attorney General for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Williamson County of selling intoxicating liquor, and his punishment fixed at two years in the penitentiary.

The evidence is ample to support the verdict. Dave Queen testified that on Christmas night, 1921, he went with a Mr. Wininger in a car out to appellant's place and there bought from him a certain quantity of whisky. He got from Mr. Wininger four dollars to pay upon the purchase price thereof and himself put in two dollars. The fact of the sale and the testimony of these witnesses appears in nowise controverted.

Appellant has two bills of exception, one complaining because a certain jar, said to contain whisky, was introduced in evidence. While the State witness Queen was testifying this jar was shown him and he said it was the jar in which appellant delivered him the whisky he bought on the night in question; that he marked a double "X" on top of the jar for identification and delivered same, with the liquor in it, to the sheriff of Williamson County. The fact that this witness had formerly stated that the jar he got was a quart jar and when shown the jar in question he said it was a half gallon jar, would not justify the rejection of said jar nor prevent further testimony of said witness that he had been mistaken when he formerly testified it was in a quart jar. Contradictory statements of the witness might be considered by the jury as affecting the weight of the testimony. It is agreed by both the State and appellant that the sheriff of the county if present would testify that the jar and its contents were delivered to him by the witness Queen and that it was at the time of the trial in the same condition it was when delivered to him.

Complaint is also made of the fact that the court refused to allow appellant to ask the witness Wininger in the presence of the jury if he had not been charged by complaint with assault to rob some thirteen years prior to this trial. It appears from the bill of exceptions that when the question was half asked, the State's attorney interrupted and stated to the court that he knew what appellant's counsel was asking for, and in his opinion it was incompetent, and he asked that the jury be retired and the matter of the admissibility of the evidence determined in their absence. The bill of exceptions and the court's qualification thereon shows that the jury were retired and thereupon counsel for appellant stated that they wished to show by said witness that in 1909 he was arrested and charged by complaint with assault to rob; counsel stating at the time that they would not be able to show that witness was ever indicted for said remoteness of said charge and the further fact that it was only by offense. Thereupon they were informed by the court because of the remoteness of said charge and the further fact that it was only by complaint and did not mature into an indictment that in his judgment the evidence was inadmissible. Appellant's counsel then stated

that they wished to ask the witness about it in the presence of the jury and lay a predicate to prove that when testifying on the day preceding that of the instant trial, this witness had denied entirely having ever been so arrested. The court then informed appellant's counsel that in his opinion the matter referred to would be immaterial because of its remoteness, and in such case even if witness had denied it upon the preceding day and was now willing to admit that his testimony had been untrue in that regard, it was not competent to impeach a witness upon an immaterial matter. The court further told counsel for the appellant that if they desired to go further into this matter in the absence of the jury he would permit them, but they declined to further question the witness while the jury were in retirement, and when the jury were brought back they asked the witness no further questions.

We are unable to perceive any error in this action of the trial court. We deem it perfectly proper practice for either side to indicate that a proposed question, the answer to which might be prejudicial, is incompetent, and for the court of his own direction or at the request of such party to retire the jury and hear the matter in their absence. We do not believe that the State or the defendant should have its case prejudiced by the asking of questions which contain harmful and hurtful insinuations for no better reason than that it has the right to ask some question in the presence of the jury. We believe the trial court correct in his announcement that the remoteness of the arrest and charge in the complaint, would render the testimony inadmissible; and further conclude that this being true, the attempted predicate and impeachment of the witness was also improper.

The appellant asked the court below to submit to the jury the issue of accomplice testimony as applicable to the witness Wininger. We are unable to comprehend just what theory this contention rests on. Wininger went to appellant's home with Queen to get the liquor in question. He and Queen jointly contributed to make up the purse which paid for the liquor. The purchaser of intoxicating liquor since the amendment to the Dean Law became effective November 15, 1921, is no longer an accomplice. We do not think any error appears from the refusal of said special charge.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON REHEARING.

June 20, 1923.

LATTIMORE, JUDGE.—Appellant admits that under new article 588¼ A3 Penal Code, Vernon's 1922 Supp. (being Sec. 2c Acts 37th Leg. Chap. 61, 1st and 2d C. S.) the witness Queen would not be held as an accomplice witness as he is the alleged purchaser; but insists that the witness Wininger does not come within the immunity

specified in said provision of the law, and therefore as to him the court committed error in failing to charge on accomplice testimony. The article in question provides:

"Upon a trial for a violation of any of the provisions of this Chapter, the purchaser, transporter, or possessor of any of the liquors prohibited herein shall not be held in law or in fact to be an accomplice, when a witness in any such trial."

It may be admitted that unless Wininger comes within one of the classes of witnesses specified, but is otherwise brought within the compass of an accomplice witness, the law would require a charge upon the issue. The question is not controlled solely by the fact that the indictment alleges Queen to have been the purchaser, and not that he and Wininger were joint purchasers; but the solution must turn upon an inquiry as to what was Wininger's true relation to the transaction. We think the fallacy of appellant's position can be best demonstrated by looking at the situation from another angle. Suppose the purchaser of intoxicating liquor was himself guilty of an offense, (as he was prior to the amendment of the "Dean Law") and the state was prosecuting Wininger as a principal in the purchase of the liquor in question, what chance would he have to escape under the proven facts? He went with Queen to purchase the whisky, knowing at the time the purpose of the journey. He in person negotiated for the sale of the whisky, gave Queen four dollars of the money to pay on it, was present when appellant delivered it to Queen, and saw the latter pay over the money a part of which was Wininger's. If these facts do not bring him within the rule of a principal in the transaction it would be difficult to conceive a case that would. If the purchaser could be prosecuted for making the purchase, and the facts bring Wininger in such relation to the sale that he could be convicted as a principal to the purchase, then we think it inescapable that the facts bring him within the class of "purchaser" under Article 588¼A3, (supra) as much so as it did the witness Queen.

The motion for rehearing is overruled.

*Overruled.*