# SUPREME COURT OF TEXAS.

## AUSTIN TERM, 1861.

---

### JACK, A SLAVE, v. THE STATE.

Upon a trial for murder, the jury, having returned a verdict of "guilty," were asked by the Court whether the verdict was their verdict, and one of the jurors replied that "he did not think the negro ought to be hanged, or punished with death:" Held, that the juror having assented to the verdict, and the penalty being matter of law, the verdict was properly received and a new trial properly refused.

A juror having responded to the issue submitted, his duty is ended; and having found the accused guilty of a capital offence, has no right to set up the opinion that he ought not to suffer death.

Affidavits of a vague and inconclusive character, introduced in support of a motion for a new trial, which assigned for one of its causes that a juror drank intoxicating liquors several times in the course of the trial, held to be insufficient to warrant a disturbance of a verdict, inasmuch as it did not appear that the juror, at any time during the trial, was so much under the influence of ardent spirits as to render it probable that his verdict was influenced thereby.

When a new trial is sought on the ground of misconduct of the jury, it must be shown to have been such misconduct as has affected the fairness and impartiality of the trial. The facts regarding the alleged separation and misconduct of the jury in this cause, reviewed and held to be insufficient to sustain the motion for a new trial.

The value of a slave convicted of a capital offence need not be set forth in the decree for his execution. It is required by law that the jury should find by their verdict the value of the slave, and, also, that the owner has not attempted to evade or defeat the execution of the law upon the con-

Jack, a Slave, v. The State.

demned, in order to entitle the owner to compensation from the public
Treasury. The omission of the jury to find that the owner had not at-
tempted as aforesaid, held to be immaterial on this appeal.

APPEAL from Guadalupe. Tried below before the Hon. A. W.
Terrell.

The appellant was indicted for the murder of his wife, a negro
woman named Nicey.

The opinion of the court sufficiently states the other facts upon
which it is based.

*Attorney-General,* for appellee.

BELL, J. The appellant was tried in the District Court for
Guadalupe county upon an indictment charging him with the mur-
der of a negro woman named Nicey, and was found guilty of the
charge. A motion was made for a new trial upon several grounds,
but relating mainly to misconduct on the part of the jury who
tried the case.

The record before us is one of the many which are continually
brought into this court, in which questions of importance and
nicety in criminal practice are presented with so meagre an expo-
sition of the precise facts of the case as to embarrass us in their
decision. It is greatly to be desired that the record in a capital
case should fully and clearly show that the rules of criminal pro-
cedure have been strictly observed, and that the ends of justice
have not only been attained, but that they have been attained in
precise conformity to the regulations established by law.

It does not distinctly appear from the record, but it may be in-
ferred with probability, that when the jury brought their verdict
into court they were polled. An affidavit contained in the record
states that when the verdict was returned, one of the jurors, (E.
H. Williams,) remarked to the court, when he was asked whether
or not the verdict was his verdict, that "he did not think the
negro ought to be hanged or punished with death." It is con-
tended here that under such circumstances the verdict ought not to
have been received. There is no bill of exceptions which purports
to state all the facts in connection with the reception of the ver-

dict by the court. It does not, therefore, appear that the juror, Williams, had any difficulty in assenting to the fact of the guilt of the accused. If he was willing to say by his verdict, as it seems he did say, that the accused was guilty of murder, the consequence was matter of law, and the juror, as such, had no right, after finding the accused guilty upon the evidence, to set up his opinion that he ought not to suffer death. What a juror is required to do in a case like the present, is to respond to the issue which is submitted to him, of "guilty or not guilty," and having so responded, his duty is ended. We conclude, therefore, that the court below did not err in receiving the verdict as the unanimous finding of the jury.

We are also of the opinion that the court below properly decided that the juror, Smith, was not so much under the influence of ardent spirits, at any time during the trial, as to render it probable that his verdict was influenced thereby.

It is also contended here that a new trial ought to have been granted because the jury separated after they had retired to consider of their verdict, and before the verdict was agreed upon. Article 605 of the Code of Criminal Procedure provides that "after a jury has been sworn and impanneled to try any case of felony, they shall not be permitted to separate until they have returned a verdict, unless by permission of the court, with the consent of the District Attorney and the defendant, and in charge of an officer." It may be inferred from the record that the jury in this case were present in the court room while the people were holding a political meeting; but it is not distinctly shown whether they mingled with the people, conversing and taking part in the meeting, or remained apart from the people, in a body, as listeners or spectators. We infer, however, that they remained together in a body, without participating in the meeting or conversing with others, because the Sheriff of the county testifies that he had some trouble in keeping the juror, Smith, with his fellow-jurors during the progress of the meeting; and there is nothing to show that any one conversed with any of the jurors during the meeting. It is shown that two of the jurors, at different times, perhaps, during their deliberations, retired from the jury room to the court yard,

---

Jack, a Slave, v. The State.

---

in obedience to calls of nature, and that they were accompanied by a bailiff, and conversed with no one. We do not think this was such a separation of the jury as the law intends to prohibit; and are of the opinion that the court below did not err in overruling the motion for new trial on the ground of the separation of the jury after they were sworn and impanneled. There may have been misconduct on the part of some of the jurors; but when a new trial is sought on the ground of misconduct of the jury, it must be shown to have been such misconduct as has affected the fairness and impartiality of the trial. (Code of Crim. Procedure, Art. 672, Subdivision 8.)

It is also assigned as error, that the decree fails to find the value of the slave. The law does not require that the decree shall make mention of the value of the slave. The law requires the jury to find the value of the slave by their verdict; and to find, also, that the owner of the slave has not attempted to evade or defeat the execution of the law on the slave, in order to entitle the owner to receive compensation from the public Treasury. In this case the jury found the value of the slave by their verdict, but did not find the additional fact that the owner had not attempted to evade or defeat the execution of the law. This, however, is a matter with which this court can take no concern. Possibly the jury were not able to find the fact. The probability, however, is, that the failure to do so was an oversight on the part of the jury.— The record is silent on the subject, and the owner of the slave cannot now be heard upon this point in this court.

The judgment of the court below is affirmed.

Judgment affirmed.