42 355
28a 95

### Frank Austin v. The State.

1. INSTRUCTIONS. The fact that the charge read to the jury on the trial of a criminal cause bore the style and file-mark of another criminal cause, raises no presumption that it had been used on the trial of another party, nor, if applicable to the case, would the fact that it had been so used be a ground for new trial.

2. MISCONDUCT OF JURY. A statement made by one juror to another, after they had retired to consider of their verdict, in regard to the character of the accused, is not the character of misconduct contemplated by the statute which would authorize a new trial.

3. NEW TRIAL. To authorize a new trial on account of the misconduct of the jury, it must be shown that the defendant has not received a fair and impartial trial by reason of such conduct.

APPEAL from Harris. Tried below before the Hon. Samuel Dodge.

Appellant was indicted in the Criminal District Court of Harris county, on the 3d of January, 1874, and at the June term, A.D. 1874, upon a plea of not guilty, was found by the jury guilty of murder in the second degree, and his punishment assessed at fifteen years' imprisonment in the penitentiary.

On the night of December 21st, 1873, Edward Hughes, then in company with Austin, entered a grocery store in Harris county, both apparently on friendly terms. After drinking together, Hughes sat down on a keg, soon after which Austin threw him off on the floor. Hughes arose, and taking a knife from his pocket, with which he had just been skinning an animal, stuck it in the counter, from which it was taken by another party and put away, after which Hughes said to Austin that he intended to stamp him; upon this, Austin jumped from the counter where he had sat down, and tripped Hughes up, whereupon a scuffle ensued, in which Hughes kicked Austin in the eye, upon this, Austin seized him by the leg and called for a weight from the scales, which not being furnished, he remarked that he could do without it. He thereupon began to stamp Hughes

over the face, until he was helpless, after which he went to another part of the room and from the scales obtained a stout plank, eighteen inches long and an inch thick, and after turning Hughes on his face, struck him on the back of the head twenty or thirty blows with the plank. Hughes was immediately taken out of the room and in a few minutes died.

The instructions are largely copied from the statute, and contain no feature which would seem to require their insertion here.

*J. W. Jones* and *H. L. Bently*, for appellant, cited the following cases: Jordan *v.* The State, 10 Texas, 497; Jones *v.* The State, 13 Texas, 186; Amos Adkinson *v.* The State, 20 Texas, 522; and Maria *v.* The State, 28 Texas, 698. In the last case we call special attention to the language on page 710. See also 5 Yerger, Tenn. Rep., 340; 8 Yerg., 529; 10 Yerg., 552; 2 Hump., 440; 4 Hump., 140; and 9 Hump., 670. Also Amer. Crim. Law, 574; Law of Homicide, 35; and Ros. Crim. Evi., 675.

*Frank M. Spencer*, for the State.

REEVES, J. The appellant was convicted of murder in the second degree, and his punishment assessed at fifteen years' confinement in the penitentiary. He appeals from the conviction, and seeks to reverse the judgment on the grounds stated in his motion for a new trial.

The first and second grounds of the motion for a new trial are not supported by the record. It is not shown by bill of exception or by the statement of facts, that the charge of the court in the case on trial was read to the jury on the trial of other parties charged with murder, or that the jury were permitted to carry with them, when they retired to consider of their verdict, papers not connected with the trial of appellant. The charge of the court has the proper title and number of the case on trial, and no reference is made to any other party. The indorsement on the charge, showing the name of another party,

and the file-mark of the clerk, with his signature, would not
raise the presumption that the charge had been used on the
trial of that party, and much less would it not be presumed that
such party was convicted of murder, and that the jury were
influenced thereby in making up their verdict, to the prejudice
of appellant. If the charge was applicable to appellant, there
is no apparent reason why he should object to the use which
may have been made of it on the trial of some other party, if
true in fact.

*Third.* Because the charge of the court was calculated to
mislead the jury in not properly defining the distinction
between murder in the second degree·and manslaughter, and
because the charge upon manslaughter did not have sufficient
reference to the case before the jury.

There is much in the charge, consisting of passages copied
from the Criminal Code, having no direct relation to the facts
in proof, which might well have been omitted; but believing
that the law of the case was charged with sufficient distinctness
to enable the jury to arrive at a proper conclusion on the facts,
the superfluous charges could not have misled the jury to the
injury of the defendant. The charge was as favorable to the
defendant as he had any right to expect from the evidence.
The objection that the charge does not draw a distinction
between murder in the first and second degrees and man-
slaughter, if well founded as to the degrees in murder, could
not injure the defendant, as he was not found guilty of murder
in the first degree. But the charge defines murder in the first
and second degrees, and also defines manslaughter; and the
objection that it was calculated to mislead the jury in not
defining the distinction between murder and manslaughter, is
believed to be untenable.

The fifth ground of the motion for a new trial is, that the
verdict of the jury was the result of prejudice, caused by im-
proper statements of one of the jurors to his fellow-jurors dur-
ing their deliberations.

It appears from the affidavit of the juror Hopson, that after

the jury had retired to consider of their verdict, another juror, whose name he, Hopson, did not recollect, but thought it was Frank Kountz, told him that he, Kountz, had heard that the defendant Austin had killed another man up the country, and Hughes made two he had killed, and further stated to him that the defendant had stabbed another in Houston. This juror further stated, that, by reason of this information, he was prejudiced against the defendant, and influenced in his verdict, and induced to fix the punishment of the defendant at a greater number of years in the penitentiary than he would have done had he not heard the statements.

In support of this ground, we are referred to Article 3137, Paschal's Digest, and especially to the 7th and 8th subdivisions of that article, which, as appellant contends, entitled him to a new trial, and are as follows : " 7th. Where the jury, after " having retired to deliberate upon a case, have received other " testimony, or where a juror has conversed with any person in " regard to the case. 8th. Where, from the misconduct of the " jury, the court is of opinion that the defendant has not re- " ceived a fair and impartial trial, and it shall be competent " to prove such misconduct by the voluntary affidavit of a " juror."

These provisions were intended to secure to the accused an open, public trial before a jury, where he could be heard by himself and counsel, and be confronted with the witnesses against him, but it cannot be supposed that the deliberations of the jurors among themselves, after they retire to consider of their verdict, should be cause for a new trial.

This juror seems to have very imperfect views of what was his duty, when he says he was influenced in his action, as a juror, by what a fellow-juror told him the defendant had done, or anything he had heard about the defendant having no relation to the case on trial. It was not evidence upon which he could find his verdict, nor does it appear that the statement was made to him for the purpose of influencing his action as a juror. He does not recollect the name of the juror, nor does

he say he had any doubt of the guilt of the defendant from the evidence adduced on the trial, but only that he was induced to increase the punishment on account of what he had been told by another juror.

The statement of the juror as found in his affidavit, is not made by the statute a ground for a new trial, and it is only for such causes as the statute prescribes that another trial will be awarded. Where misconduct of the jury is cause for a new trial, it is only so conditionally. It must be shown that the defendant has not received a fair and impartial trial, by reason of such misconduct, and the discretion of the court must be exercised upon the facts in granting or refusing the motion on that ground. The affidavit is clearly insufficient and without merit as cause for a new trial.

(Jack v. The State, 26 Texas, 4; Johnson v. The State, 27 Texas, 769, and ———— v. The State, decided at Austin, and not published.)

The objection to the charge of the court as being contrary to the law and the evidence, and referred to as the fourth ground of the motion for a new trial, has been considered and disposed of in connection with the other objections before noticed.

Appellant, in his motion for a new trial, does not complain of the verdict of the jury as being against the evidence, but assigns it for error on a separate paper found in the record, without the file mark of the clerk upon it, but signed by counsel for appellant. It is further assigned as error, that the term of the sentence as fixed by the jury was out of all proportion to the offense, even supposing the evidence justified the finding of murder in the second degree.

Murder in the second degree is punished by confinement in the penitentiary for not less than five years, and with no other limit as to time than the discretion of the jury, according to the circumstances attending the homicide.

The injuries which resulted in the death of Edward Hughes were inflicted by the defendant in a cruel manner, and were

attended with circumstances showing an evil and cruel disposition, and that the design was to kill. The jury have said by their verdict that the defendant was guilty of murder in the second degree. The evidence supports the verdict, and the judgment is affirmed.

Affirmed.