CLAUDE HALLMARK v. THE STATE.

No. 6231.   Decided May 4, 1921.

**1.—Burglary—Misconduct of Jury—Practice on Appeal—Other Evidence.**

Where reversal was sought upon the ground that the jury in their retirement received other testimony prejudicial to the defendant, and it appeared from the record on appeal that one of the jurors testified that he could not recollect whether the discussion of another offense occurred while he was serving on the jury or not, and another juror testified that during said discussion another juror remarked that defendant was not on trial for that alleged offense, and no injury was shown to the defendant, there was no reversible error.   Following Smith v. State, 52 Texas Crim. Rep., 351, and other cases.

**2.—Same—Suspended Sentence—Plea of Guilty—Burden of Proof—Other Offenses.**

Where defendant entered a plea of guilty and also a plea for suspended sentence, and the record on appeal showed that he had been charged with numerous offenses, involving moral turpitude, and bore a bad reputation as a law-abiding man, it is doubtful whether the alleged occurrence in the jury room, as to other offenses, was included in the evidence or not, and the burden being upon the defendant, there was no reversible error.

Appeal from the District Court of Coke.   Tried below before the Honorable C. E. Dubois.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*D. I. Durham,* for appellant.—On question of misconduct of jury: Kegans v. State, 96 S. W. Rep., 16; Terry v. State, 38 id., 987; Holmes v. State, 42 id., 996.

*R. H. Hamilton,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Appellant was charged with the offense of burglary, and upon a plea of guilty was convicted; his punishment being fixed at confinement in the penitentiary for a period of two years.

Reversal is sought upon the ground that the jury, in its retirement, received other testimony prejudicial to the appellant.

The testimony of two jurors was taken. The juror Cobb said that he had heard a discussion of appellant's connection with the theft of $201 from a Mr. Johnson at the Greer Hotel.   The juror, however, was unable to state whether this occurred while he was serving on the jury or not.   Patterson, another juror, said that while the jury was deliberating, "some one remarked that he had heard that the appellant

8 T9ex.—17

had been accused of being connected with the theft of $201 from one Mr. Johnson at the Greer Hotel;" that at the time another juror remarked that the appellant was not on trial for that alleged offense.

Our statute declares that a new trial shall be granted "when the jury, after having retired to deliberate upon a case have received other testimony." Code of Crim. Procedure, Art. 837, Subdivision 7. Statements by one juror to another of facts not in evidence are within the purview of this statute. McKissick v. State, 26 Texas Crim. App., 673; McDougal v. State, 81 Texas Crim. Rep., 187. A transgression against the statute (Art. 837) is not ground for reversal of the judgment where it is such that it could not have affected the fairness of the trial. Judge Ramsey, writing the opinion of the court, said:

"We think the true rule is that where, as in this case, the testimony supports the verdict, and the charge of the court properly submits the case to the jury, that a verdict ought not to be set aside for every incidental and casual mention of a former trial or a former conviction, and that in no case should it be set aside in a case tried according to law where the conviction is supported by the testimony, unless the court may fairly and reasonably see in the light of all the circumstances that such reference and discussion did or might have prejudiced the appellant's case." Smith v. State, 52 Texas Crim. Rep., 351; Austin v. State, 42 Texas, 355; Anschicks v. State, 6 Texas Crim. App., 524; Allen v. State, 17 Texas Crim. App., 637; Jack v. State, 20 Texas Crim. App., 656; McDonald v. State, 15 Texas Crim. App., 493.

The rule is, however, that when the terms of the statute are violated, the burden is not upon the accused to show injury but upon the State to show the contrary. Bell v. State, 2 Texas Crim. App., 215; Early v. State, 51 Texas Crim. Rep., 382; Clements v. State, 69 Texas Crim. Rep., 370; McDougal v. State, 81 Texas Crim. Rep., 187. Applying these principles to the instant case, we are of the opinion that a reversal of the judgment is not authorized.

Appellant entered a plea of guilty and his punishment for the offense was fixed at the lowest permitted by law. He sought, however, a suspension of his sentence. It was shown that he had not been previously convicted of a felony. His father testified that he had been previously indicted for another offense "for going into a store or something like that" about a year before the trial; that he had also pleaded guilty of theft in the County Court cases; he also referred to an indictment for burglary of the store of one Luttrell.

No witnesses testified to the good reputation of the appellant as a law-abiding citizen. Those introduced declared that in the burglary line it was bad. One witness said that his reputation as a law-abiding citizen had been good until recent years, but in recent years it has not been good if all the accusations are true. On cross-examination he added that it was good previous to the time he went into "Jim's kitchen."

The general references to his previous offenses, as developed upon the trial, leave us without accurate knowledge as to whether the alleged

occurrence in the jury-room was included in the evidence or not. The appellant, claiming that the jury had received other testimony, was charged with the burden of establishing this allegation. He called only two jurors. One of them was unable to say that there was any mention of appellant's connection with the other offenses in the jury-room, and the testimony of another juror indicates that the reference was but incidental. Under the circumstances, in discharging the burden upon him, the appellant might have called the remaining members of the jury. His failure to do so unexplained may have been the basis of an inference by the trial judge, in deciding the issue of fact, that their testimony would have been unfavorable or at least would not have supported the appellant's contention. Under these circumstances, it is at least questionable whether we would be warranted in holding that the trial judge was not justified in deciding the issue of fact raised by the motion against the appellant. Be that as it may, it is certainly not made clear that the alleged reference, if made, was not to some of the numerous theft transactions which were brought to light in the development of the evidence upon his plea for suspended sentence. In the light of the entire record, we are not able to conclude that the transaction was such as might have prejudiced the appellant's case. His plea of guilty, taken in connection with the proof, which was undisputed, established his connection with the offense. He had been charged with numerous other offenses involving moral turpitude and bore a bad reputation as a law-abiding man.

We are unable to persuade ourselves that there was a reasonable probability that the jury was deterred from recommending the suspension of his sentence by the incident complained of, but on the contrary, we are impressed with the view that the evidence against the defendant was of such cogency that, in the light of it, a different result could not, in reason and fairness, have been looked for.

The judgment is affirmed.

*Affirmed.*