### Jack McKinzie v. The State.

No. 8194. Decided March 26, 1924.

**1.—Selling Intoxicating Liquor—Misconduct of Jury—Practice in Trial Court —Rule Stated.**

Controversy of the proposition of the misconduct of the jury is shown by the fact that oral evidence was heard, and it does not appear that the affidavit of one of the jurors was offered in evidence or considered by the court, and the question is considered upon this oral testimony, which was that the juror testified that while the jury were out another juror came to

him and stated to him that it seemed to him that defendant had been in trouble in the courts before, which the complaining juror said did not influence him in finding a verdict of guilty. The rule is that misconduct of the jury will not be ground for a new trial unless the same be shown to be such as has affected the fairness and impartiality of same and under the facts of the instant case such does not appear, and there is no reversible error.

### 2.—Same—Motion for New Trial—Discretion of Court.

This court has held that if there be a conflict in the testimony as to the misconduct of the jury, the finding of the trial judge if supported, would have to be shown to be such as to constitute an abuse of his discretion in order to grant a new trial. Distinguishing: Howell v. State, 252 S. W. Rep., 540, and other cases.

### 3.—Same—Sufficiency of the Evidence.

Where, upon trial of unlawfully selling intoxicating liquor, the evidence is sufficient to support the conviction, there is no reversible error.

Appeal from the District Court of Anderson. Tried below before the Honorable W. R. Bishop.

Appeal from a conviction of selling intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*Campbell, Greenwood & Barton,* for appellant.— On question of misconduct of jury: Dunn v. State, 161 S. W. Rep., 467; Gothard v. State, 252 id., 508, and cases cited in opinion.

*Tom Garrard,* Attorney for the State, and *Grover C. Morris,* Assistant Attorney for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Anderson County for selling intoxicating liquor, and his punishment fixed at one year in the penitentiary.

Appellant seeks a reversal for two reasons. One, the refusal of a new trial sought upon the ground of misconduct of the jury in that they received testimony after their retirement. An affidavit of one juror is attached to the motion for new trial. Controversy of this proposition is shown by the fact that oral evidence was heard against and for the motion when same was presented to the learned trial judge for his action. It nowhere appears that the affidavit mentioned was offered in evidence or considered by the court in arriving at his judgment overruling the motion. We have concluded that under such state of the record this court will determine the correctness of the trial court's refusal of the new trial solely from consideration of the oral testimony heard. Rumfield v. State, No. 8034, opinion handed down by this court March 5, 1924. Stanland, the juror who made the affidavit, gave oral testimony in which he said that while the jury were out, juror Shandley stated to him

that it seemed to him that appellant had been in trouble in the courts before; which remark Stanland said did not influence him in finding a verdict of guilty. Juror Shandley testified that during the deliberation of the jury he remarked to Stanland that it seemed to him that appellant had been in trouble with the courts before. Juror Cotton testified that when the jury stood ten to two,—Stanland and another being for acquittal,—he heard Shandley remark, as near as he could recall it, that appellant had been in the courts before. He first said that Shandley stated "For this whisky business," but later admitted that he was not sure that Shandley said anything about whisky. No other juror testified. No one said that he or any other juror was affected by what was said by Shandley, or that it was discussed or considered by any of them.

Under subdivision 7, Article 837 Vernon's C. C. P., it is stated as a general rule that misconduct of the jury will not be ground for new trial unless same be shown to be such as has affected the fairness and impartiality of same. Ray v. State, 35 Texas Crim. Rep., 354, is there cited as approving the holding in Parker v. State, 30 S. W. Rep., 553; Mason v. State, 16 S. W. Rep., 766, and Williams v. State, 33 Texas Crim. Rep., 128, which authorities hold that reference to other crimes committed by the accused, and the fact that a juror told his fellows that he had information that the accused had been in the penitentiary, would not call for the granting of a new trial in the absence of some showing of injury. In Morrison v. State, 39 Texas Crim. Rep., 519, it is held that the mere statement by one juror to his companions that the accused had been in the penitentiary, would not justify a new trial in the absence of a showing of injury. See also Tinker v. State, 58 Texas Crim. Rep., 321, and Hernandez v. State, 60 Texas Crim. Rep., 10, 129 S. W. Rep., 1109, and other authorities cited by Mr. Vernon under said article. Referring to the statement of juror Shadley in the jury room, it was merely that "It seemed to him that appellant had been in trouble." He stated no fact, nor is it made to appear that same was heard by any of the other jurors than those who testified, neither of whom affirms that the remark had any weight with him whatsoever. On the contrary, as stated above, juror Stanland averred that he did not consider said remark to have anything to do with this case and that it did not influence him at all.

We have held that if there be a conflict in the testimony regarding matters of this kind, the finding of the trial judge if supported, would have to be shown to be such as to constitute an abuse of his discretion, in order to secure a favorable review at the hands of this court. White v. State, 82 Texas Crim. Rep., 286.

Appellant cites Howell v. State, 94 Texas Crim. Rep., 563, 252 S. W. Rep., 540, and Samples v. State, 94 Texas Crim. Rep., 513, 252 S. W. Rep., 543, but in our opinion the facts of each are so unlike

those before us in this case, as to make them inapplicable. Also Favro v. State, 59 S. W. Rep., 886. In the case last mentioned the matters illegally put before the jury were discussed by them and it was clearly shown that the verdict was influenced thereby. Gothard v. State, 94 Texas Crim. Rep., 538, and Burns v. State, 94 Texas Crim. Rep., 533, each in 252 S. W. Rep., 508, do not relate to the same or analogous principles. In Bracken v. State, No. 8068, opinion handed down February 24, 1924, the rule laid down in Tate v. State, 38 Texas Crim. Rep., 261, was followed, viz: that when the main issue in the case was the character for truth and veracity of the State witness upon whose testimony alone a conviction was sought, and one juror affirmed to his fellows that he knew the reputation of said witness and that it was good, this would be reversible error.

The other ground of appellant's complaint is that the evidence does not support the verdict. We are unable to asent to the soundness of this contention. The State witness swore positively to the guilt of appellant in making the sale of whisky. Appellant denied it. He put on five witnesses who said that the reputation for truth and veracity of the State witness was bad. One of these witnesses made appellant's recognizance on appeal for him. Another said that he had known State witness only a year and had not heard his reputation discussed; another, that he had heard it discussed no further than that witness got drunk, but later stated that he had heard Mr. Austin and Mr. Johnson discussing his reputation for telling the truth. The record reveals that appellant on cross-examination said that he could not remember how many times he had had whisky in his possession during the six months preceding his trial; his only recollection of where he got any of it being that he got it from a "human." The matter of the veracity of witnesses is for the jury, and when the evidence if true makes out a clear case and there be nothing else to affect the fairness of the conclusion reached by the jury than the character of attack that appears in this record, this court will not deem itself warranted in setting aside the verdict of the jury.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*