### MRS. ROY TAYLOR v. THE STATE.

No. 8061.   Delivered April 16, 1924.

Rehearing granted State, May 23, 1924.

Rehearing granted Appellant, June 26, 1925.

1.—Possessing Intoxicating Liquor—Misconduct of Jury—Held: Reversible Error.

Where on a trial for unlawful possession of intoxicating liquor, the jury after retiring receives other evidence than that which came from the witnesses, before the punishment has been agreed upon, the cause must be reversed.

ON REHEARING

2.—Same—Misconduct of Jury—When Reversible Error.

Where a juror, before an agreement as to the penalty but after an agreement of conviction, remarks, "the defendant has been convicted in the Federal Court," and the foreman in reply to such remark says that it must not be considered, and no injury or probable injury is shown to have been done the appellant, such remark of the juror will not warrant a reversal of the case. Distinguishing Gilbert v. State, 215 S. W. 110, and Weaver v. State, 210 S. W. 698.

**3.—Same—Above Subject Continued.**

Where an infraction of subdivision 7, Art. 837, C. C. P., is shown there still remains the question to be decided from the whole record as to the materiality, and likelihood of injury resulting therefrom, and that unless sound reason and judgment accord with the view that by what was said and done in the jury room, the fairness and impartiality of the trial was, or probably was, affected, the case should not be reversed for such reason, and the State's motion for rehearing is granted, and the reversal set aside, and the cause affirmed. See opinion on rehearing for collation of authorities.

**4.—Same—Postponement—Refusal of—Not Considered—No Bill of Exception.**

Where complaint is made of the refusal of a requested motion for a postponement on account of the absence of a witness, which is not supported by a bill of exception, it will not be considered. See Vernon's Ann., C. C. P., pages 529-30.

ON REHEARING—BY APPELLANT.

**5.—Same—Rehearing—Erroneously Granted State.**

On reconsideration of our former opinion on rehearing by the State, we have reached the conclusion that we were in error in granting the motion of the State and affirming this cause, and that our original opinion, reversing and remanding the cause should not be disturbed.

**6.—Same—Misconduct of Jury—Former Conviction—Not to be Considered.**

Where one of the jurors in their retirement stated that appellant had been convicted in the federal court, of some offense when in truth she had not been so convicted, the cause must be reversed. Art. 843, C. C. P., provides that "The former conviction shall be regarded as no presumption of guilt, nor shall it be alluded to in the argument." In the present case, according to the undisputed evidence upon the motion for new trial, there had been no other conviction of the accused. See Smith v. State, 52 Tex. Crim. Rep. 351:

**7.—Same—Misconduct of Jury—Prejudice Evidenced—Not Impartial.**

Where a juror in retirement, states to the jury that appellant has been convicted of another offense, such statement evidences that the juror is not a fair and impartial juror, and when a juror is guilty of such misconduct, or if he cannot be regarded as an impartial juror, the verdict ought not to stand. It is the verdict of the twelve. See Ruling Case Law, Vol. 16, Sec. 120, p. 812, also 134 Am. St. Rep. 1034, Long v. State, 28 Tex. Crim. App. 532 and other cases cited.

**8.—Same—Misconduct of Jury—Distinguishing Former Decisions.**

There is a distinction between the instant case, and those cases in which this court has held that the incidental mention of a prior conviction, in the same case, has been held harmless. The conduct of the juror in this case in stating that appellant had been convicted in the federal court, whatever may have been his motive, was calculated to injure the accused, and apparently was so intended, and the contrary cannot be presumed. Distinguishing Smith v. State, 52 Tex. Crim. Rep. 344.

See concurring opinion by Judge Hawkins, and dissenting opinion by Judge Lattimore.

Appeal from the District Court of Wichita County. Tried below before the Hon. P. A. Martin, Judge.

Appeal from a conviction for unlawful possession of intoxicating liquor, penalty fifteen months in the penitentiary.

The opinion states the case.

*Heyser & Hicks;* and *Taylor & Taylor,* for appellant.

*James V. Allred,* District Attorney; *Tom Garrard,* State Attorney, *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction was in the District Court of Wichita county for possessing intoxicating liquor for purposes of sale, the penalty being fixed at fifteen months in the penitentiary.

In view of the disposition of this case a discussion of the facts will be omitted. It was insisted in support of the motion for new trial that the jury received other evidence than that which came from the witnesses. A number of jurors were introduced and it appears without controversy that after they had agreed upon the guilt of appellant, and when they were divided as to her punishment, nine of the jurors apparently being for a year in the penitentiary, a statement was made by one of the members of the jury that appellant had been convicted in the Federal court. Almost at once thereafter an agreement was reached fixing the penalty as appears in the record. It is admitted on behalf of the State by the State's attorney that this conduct of the jury was such as to call for a reversal. We are inclined to agree to the correctness of this proposition.

For the error based on the misconduct of the jury the judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The State files a motion for rehearing, and upon more mature consideration we believe we erred in our former opinion reversing this case upon the ground that the jury received other evidence than that given upon the trial. The record shows that five jurors testified upon the hearing of the motion for new trial. They were in accord upon the fact that the alleged improper statement was made after the entire jury had agreed that appellant was guilty and were discussing her punishment. There is no dispute over the fact that a majority of the jury were for one year and ranged from that up to five, it appearing that upon one ballot there were nine for one year, one for two, and one for two and a half, and one for five. Mr. Webb, a juror who was for one year, made the statement that appellant had been convicted in the Federal court. Immediately the foreman stopped him and said that had no right, they

could not consider that, it was not evidence. No details were given, nor was there any statement made apparently of the offense for which conviction was had. The juror Webb said that they gave him no time to make any further statement, they cut him off. The matter was not again mentioned or further discussed except that several jurors at the time stated that this must not be considered or discussed. Subsequently the jury agreed upon fifteen months as the penalty. Was this such violation of subdivision 7, of Art. 837, Vernon's C. C. P., as calls for reversal? No hard and fast rule can be laid down by which all cases are to be measured, for no two cases are alike on the facts; this proposition is amply illustrated by the decisions of our own court on this very question. We deem it unnecessary to cite those presenting divergent views, but beginning with the case of Jack v. State, 26 Texas, 4, it is said that in order to secure a new tral for misconduct of the jury, it must be shown to be such as likely affected the fairness of the trial. In Austin v. State, 42 Texas, 359,— considering subdivision 7 of Art. 837,—it is stated that it must be shown that the defendant has not received a fair and impartial trial by reason of such misconduct in order to justify reversal. Anschicks v. State, 6 Texas Crim. App. 538, considering the same subdivision, reaches the same conclusion. Cox v. State, 7 Texas Crim. App. 1, contains the statement that it must affirmatively appear that there was some reason to suppose that wrong or injustice might have resulted to appellant, in order to justify a reversal of the case. In Allen v. State, 17 Texas Crim. App. 645, discussing misconduct based on said subdivision 7, Judge Willson declined to reverse because of "the absence of circumstances tending to show that it had influenced the verdict of the jury." We quote from Jack v. State, 20 Texas Crim. App. 660, because of similarity upon facts to the instant case:

"It further appears that said statement was not made by said juror until after the jury had agreed upon a verdict of guilty, and that several of said jury, before said statement was made, were in favor of fixing the punishment at three years' confinement in the penitentiary, and some were in favor of making it four years, while two were at first in favor of making it two years. It very conclusively appears from the testimony of the jurors, that the statement complained of did not and could not have influenced the verdict upon the question of defendant's guilt, and it is also clear that the jurors who heard the statement were not influenced thereby in assessing the punishment. It is well settled in this State that misconduct of the jury will not be ground for a new trial, unless it is shown to be such as has affected the fairness and impartiality of the trial." From Cox v. State, 28 Texas Crim. App. 95, we quote:

"A mere statement made by one juror to another or his fellows in reference to the character of the defendant is not per se ground for

a new trial. Austin v. The State, 42 Texas, 355. And unless the verdict was probably influenced by the statement of a juror to his fellows as to the character for credibility of a witness for defendant, a new trial will not be granted on that ground."

In Hendricks v. State, Id., 417, Judge White says:

"Amongst the various enumerated statutory causes for a new trial set forth in article 777, Code of Procedure, the seventh subdivision is 'where the jury, after having retired to deliberate upon a case, have received other testimony,' etc. This statute in this particular has always been construed to mean that the testimony or other matter received by the jury after their retirement, in order to demand the granting of a new trial, must be such as would probably influence the verdict."

In Ray v. State, 35 Texas Crim. Rep. 359, this court said that the statement by a member of the jury to the others, that the defendant had previously been in the penitentiary, will not, in the absence of a showing that the remark prejudiced the defendant, be ground for reversal. In Morrison v. State, 39 Texas Crim. Rep. 523, it is held that before a case will be reversed for the making of a statement to the jury that a former jury had given the accused twenty years, some prejudice must be shown, and that the mere statement of such fact might not have caused prejudice. The court says: "The bare statement that a former jury had tried the case and rendered a certain verdict would not ordinarily cause reversal." In Smith v. State, 52 Texas Crim. Rep. 351, discussing a reference to a former conviction, Judge Ramsey said:

"We think the true rule is that where, as in this case, the testimony supports the verdict, and the charge of the court properly submits the case to the jury, that a verdict ought not to be set aside for every incidental and casual mention of a former trial or a former conviction, and that in no case should it be set aside in a case tried according to law where the conviction is supported by the testimony, unless the court may fairly and reasonably see in the light of all the circumstances that such reference and discussion did or might have prejudiced the appellant's case. It is possible that there is some language in some of the decisions not wholly in accord with the views here expressed, but on full consideration this is believed to be the correct rule, and tested by this rule we believe appellant is without just ground of complaint."

The subject is discussed at length and the authorities referred to in McDougal v. State, 81 Texas Crim. Rep. 170 and the conclusion there reached that the discussion by the jury was harmful to the accused. See also McKenzie v. State, 260 S. W. Rep. 585.

We find expressions in opinions of our court where the subject-matter involved was clearly sufficient to call for reversal, which seem to

go beyond the doctrine of the earlier cases, and beyond what we think should be the true rule as laid down perhaps as well in the Smith case, supra, as. any other. Such we believe to have been our expression in Gilbert v. State, 215 S. W. Rep. 110, in that part of the opinion on rehearing where we said that the question for us is "Did the jury after its retirement receive other' testimony than that given . on the witness stand? If this question be answered affirmatively we we must reverse the case." The testimony set out in that case clearly reflects the fact that injury to the accused was likely to have resulted from what was said in the jury room, but the above expression went too far and is not.in harmony with what we believe ought to be the rule. In Weaver v. State, 210 S. W. Rep. 698, the facts seem to show injury resulting from statements made in the jury room which were material, and the case was a capital one, in which event we are inclined to liberally construe the rules applicable in ordinary cases.

We think that when an infraction of the law as contained in subdivison 7, Art. 837, C. C. P. is shown, there still remains the question to be decided from the whole record as to the materiality and likelihood of injury resulting therefrom, and that unless sound reason and judgment accord with the view that by what was said and done in the jury room, the fairness and impartiality of the trial was, or probably was, affected,—the case should not be reversed .for such reason. We have concluded that in the instant case the statement by the ·juror Webb was but the casual statement of a matter which was promptly suppressed and not considered, and that it was not of that character as to materially affect the fairness and impartiality of the trial, and that we erred in reversing the case therefor. We are not to be understood as establishing any rule in this regard, different to that laid down in McDougal's case, supra.

The other questions raised in this record and not passed upon · originally are, first, the refusal of a postponement asked for by appellant because of her husband's illness and the fact that he was a material witness for her. This complaint is not supported by any bill of exceptions and, therefore, cannot avail appellant. See authorities collated at pp. 529-30 Vernon's Annotated C. C. P. For the same reason we cannot appraise appellant's complaint of hearsay evidence · claimed to have been given by witness Mercer.

The State's motion for rehearing is granted, the reversal set aside and the judgment is now affirmed.

*Reversal set aside and judgment affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The evidence heard on the motion for new trial discloses that the witness Webb stated to the members

of the jury during their deliberations that the appellant had been convicted in the Federal Court. At the time this statement was made the members of the jury had not agreed upon the penalty, some favoring one year and some favoring a greater penalty. Fifteen months was the penalty finally agreed upon. When the statement was made the foreman immediately called attention to the fact that the matter was not admissible that it could not be discussed or considered. The evidence on the hearing, we think, shows that it was not further discussed.

In the Code of Criminal Procedure, there is an article declaring:

"The former conviction shall be regarded as no presumption of guilt, nor shall it be alluded to in the argument." (C. C. P., Art. 843.)

In the application of this statute, it is established "that a verdict ought not to be set aside for every incidental and casual mention of a former trial or a former conviction." Smith v. State, 52 Texas Crim. Rep. 351. In the present case, according to the undisputed evidence upon the motion for new trial, there had been no previous conviction of the accused. The record is one in which the report made by the juror to his fellows that the appellant had been convicted of another offense like the one on trial was untrue.

Was he an impartial juror? If he sought to harm the accused, the means adopted was appropriate, for all men know that on the trial of one for crime, knowledge of a previous conviction is a potent fact against the accused. If the juror made the statement believing it to be true, it cannot be questioned that in his own estimation it was a cogent matter against the accused. Otherwise why did he advert to it? That he did not proceed with its discussion was due to the prompt interruption of the foreman. If it be conceded that the supposed fact had weight with him, and that he reported it so that it might influence his fellows against the accused, how can it be held that he was impartial? Would one whose mind was wholly unprejudiced reach beyond the evidence in the case and bring before his fellows a damaging assertion of fact which he did not know to be true? The juror testified upon the hearing of the motion for new trial but made no effort to justify or explain his reason for making the remark or the information upon which he acted. The evidence given upon the hearing that the statement was untrue was not controverted or questioned. If he was guilty of injurious misconduct, or if he cannot be regarded as an impartial juror, the verdict ought not to stand. It is the verdict of the twelve. On the subject, in Ruling Case Law, Vol. 16, sec. 120, p. 812, it is said:

"The jury being composed of twelve individuals, the misconduct of any juror, actual or implied, by which a fair and due consideration of the case may have been prevented, is misconduct of the jury,

because the jury can only act as a unit, and the misconduct of one of the members cannot be eliminated, and therefore in such cases the action of the jury as a whole is invalid.''

See also 134 Am. St. Rep., p. 1034. This principle has been sustained by the decisions of this court. See Long v. State, 32 Texas Crim. Rep. 145; Graham v. State, 28 Texas Crim. App. 582; McWilliams v. State, 32 Texas Crim. Rep. 269; Adams v. State, 92 Texas Crim. Rep. 264.

In the opinion of the writer, the present case is clearly distinguishable from those in which the incidental mention of a prior conviction in the same case has been held harmless.

The conduct of the juror, whatever may have been his motive, was calculated to injure the accused and apparently was so intended. At least, the contrary cannot be presumed. McDougal v. State, 81 Texas Crim. Rep. 179.

The sanction by this court of the present conviction would tend against the purity and impartiality of the jury, a matter of such concern that its preservation has been the thought of the makers of the Federal and State Constitutions, and the vigilant care of both the Legislature and the courts.

The new trial should have been granted in the trial court.

The motion for rehearing in this court should be granted, the affirmance set aside, and the cause reversed and remanded.

### CONCURRING OPINION.

HAWKINS, JUDGE.—I concur in the views expressed by Presiding Judge Morrow in the conclusion reached that a rehearing should be granted, and the cause be reversed and remanded for a new trial. A quotation from Smith v. State, 52 Texas Crim. Rep. 344, appear in both the affirming opinion and in this one. A distinction between the Smith case and the present one should be noted. In the former the juror's reference was to a prior conviction of Smith for the same offense for which he was again upon trial. Upon the first trial he was given a life term in the penitentiary. Upon the subsequent trial ten members of the jury were for a life sentence and two were for the death penalty. Reference to the result of the former trial brought the two jurors who had been holding out for the death penalty over to the ten and punishment of a life term in the penitentiary was agreed upon. Judge Ramsey used this significant language:

''Here it is manifest, as we believe, that the only effect of the discussion of the former verdict inured to the benefit of appellant. It caused two jurors who were in favor of death to go over to the ten and give appellant a life sentence. Indeed, the only discussion had was addressed by a juror in favor of a life sentence to one of the

two jurors standing out standing out for a death penalty, and whatever effect it may have had or would have was to mitigate the sentence and inure to the benefit of appellant.''

In the present case there was a statement by a juror to the effect that appellant had been formerly convicted in the Federal Court. It had no reference to the charge they were then investigating, but asserted that accused had been convicted of some crime in another jurisdiction. Upon hearing the motion for new trial the evidence showed this statement to be untrue and that appellant had never been convicted in the Federal Court.

For this reason I concur in the opinion reversing and remanding.

### DISSENTING OPINION.

LATTIMORE, JUDGE.—After the jury had unanimously agreed that appellant was guilty, and had voted for penalties aggregating 222 months, Webb, a juror who had voted for the lowest penalty, made the statement that appellant had been convicted in the Federal court. The foreman and each of the other jurors who testified on the hearing of the motion for new trial at once informed Webb that such statement was improper and this ended the matter. No other reference to the fact or discussion thereof appears. Thereafter the jury agreed on a penalty of 15 months, or an aggregate of 180 months,— an average of nearly 4 months per juror less than had been voted for on the ballot which was taken before Webb made his remark.

For this remark of Webb my Brethren think this judgment should be reversed and remanded. I am not able to bring myself in agreement with their opinion. They quote Art. 843 of our C. C. P., which forbids allusion to the former conviction of the accused, and also states that same shall not be taken as a presumption of guilt at a subsequent trial, and also in the opinion they say concerning the remark made by Webb to his fellows, ''that the appellant had been convicted of another offense *like the one on trial,* was untrue.'' Webb did not state to his fellow jurors that appellant was convicted for the same, a similar or like offense; nor in my opinion is the quoted article of the Code at all applicable by reason of the very fact just stated. What Webb said was not a reference to a former conviction of this appellant for the same or a like offense. He swore upon the hearing that he did make the statement that she had been convicted in the Federal court. Of what offense he did not state, nor does any witness on the hearing claim that he did. All the jurors who gave testimony agree that at once it was said by all of them that the statement should not have been made, and it was also agreed by all of the jurors that it should not be considered. Webb swore as follows:

''It was agreed by everybody there that they should not consider that at all. I don't remember what Mr. Brown said only that we

101 Tex. Crim.—14.

couldn't consider it. I did not consider the fact that she had been convicted in Federal court. I knew it, that was all. I did not take that into consideration at all; after they said what they said. I had not taken it into consideration so far as I was concerned before that. I just mentioned that to the jury.''

Juror Fuller said he merely heard the words ''Federal court'' and heard foreman Frazier say they could not consider it; that he did not hear the word ''convicted.'' He heard Frazier, and another Fuller on the jury, Bowen and Weinert speak up and say the jury could not consider it. This juror said also that he stated that it could not be considered, and that he himself did not consider it. Juror Bowen testified and said he heard the statement which Webb testified that he made, but did not pay enough attention to it at the time to know who said it. He testified that he said ''We cannot consider that'' and that he did not in fact consider it in making up his verdict. Mr. Frazier, foreman of the jury, said he heard Webb's statement as above detailed and at once spoke up and said the matter should not have been mentioned and could not be considered; that he heard others say the same thing; that it was not considered by him. Mr. Frazier said he voted for two years on the first ballot but after Webb's statement was made he came down to 15 months. No other jurors save these four testified on the hearing of the motion for new trial, and this much of their testimony is reproduced for the purpose of showing, first, that there was no reference to a former conviction of this or a similar offense, and that hence Art. 843, C. C. P. has no application; also to make plain my position that the remark was but a casual or incidental statement by a man who was favorable to appellant, somewhat similar to Freeman's case, 95 Texas Crim. Rep. 515,—and that his remark was not intended to and did not hurt appellant, which fact is borne out by the entire record.

We have a case in which not only was there no argument about the statement made, and not only did each juror who gave testimony swear that he did not consider it, but also one in which it is in testimony that all the jurors agreed that it should not be considered, and that thereafter the jury voted a less penalty than had theretofore stood for. The juror who had been for five years thereafter came down to 15 months. Jurors who had been for two years and two and one half years came down to 15 months. As stated above, the penalties voted on the ballot taken before Webb spoke, aggregated 222 months, and those voted after he made the statement, aggregated 180 months. This fact brings the case squarely within the rule of Smith v. State, 52 Texas Crim. Rep. 344, which is contended for in the concurring opinion of my brother Hawkins.

There are other well settled principles of practice which a reversal of this case under its facts seems to me to seriously threaten. Art.

841, C. C. P., provides that the State may take issue with the defendant upon the truth of the causes set up in the motion for new trial, in which case the court shall hear evidence and determine the issue. We regard it as settled that when the judge hears evidence upon the proposition of motion for new trial, this evidences the fact that the issue is joined. This court has always held that unless the discretion confided in the trial court in this matter is shown to have been abused, the judgment refusing new trial should be upheld. Freeman v. State, 95 Texas Crim. Rep. 515; Newton v. State, 94 Texas Crim. Rep. 382. In the latter case the jurors referred to appellant's failure to testify. Upon the ground that the fact was not generally discussed and that it was not considered against him by the jury, this court, in an opinion by Justice Hawkins, upheld the action of the lower court in refusing a new trial. See also Todd v. State, 93 Texas Crim. Rep. 559, where in an able and well considered opinion by Presiding Judge Morrow occurs the following:

"In other words, it is within the judicial discretion to overrule a motion for new trial based on the claim of misconduct of the jury and the action of the trial court will not be overturned on appeal unless it be shown to be clearly wrong. Douglas v. State, 58 Texas Crim. Rep. 127; Vernon's Texas Crim. Stat., Vol. 2, p. 792; Watson v. State, 82 Texas Crim. Rep. 305; Alexander v. State, 84 Texas Crim. Rep. 185; Reese v. State, 87 Texas Crim. Rep. 245; Barnard v. State, 87 Texas Crim. Rep. 365."

Numberless authorities are to the same effect. .

Again, this court always declines to overturn the judgment of the trial court when the complaint is of a casual or incidental reference to some forbidden matter. Macon v. State, 52 Texas Crim. Rep. 341; Baines v. State, 43 Texas Crim. Rep. 490; Cooper v. State, 72 Texas Crim. Rep. 266; Walling v. State, 59 Texas Crim. Rep. 279; Coffman v. State, 73 Texas Crim. Rep. 295. I shall discuss this further in connection with the following matter. There are expressions in the opinion of my Brethren which seem to commit this court to the proposition that if a juror in the jury room gives expression to a fact dehors the record, which might be deemed of hurtful effect, the making of such statement would be sufficient of itself to hold the juror partial or biased, and that the whole jury must therefore occupy the same status so that their verdict against the accused necessarily deprives him of a trial by a fair and impartial jury. Concretely, that proof that Webb said in the jury room that appellant had been convicted in the Federal court, would ipso facto characterize him as an unfair juror and necessitate the granting of a new trial. This seems to me to be going far beyond what this court has ever said, and beyond what it ought to lay down as the law. There is nothing in this record to justify any inference that Webb was hostile

to appellant. She was shown by overwhelming testimony to have openly and notoriously violated the law and to have sold liquor continuously and almost in wholesale quantities, and yet juror Webb in the face of this proof and of what he believed to be his knowledge that she had been convicted for some character of offense in the Federal court, voted to give her the lowest penalty. In the Smith case, supra, the reference by a juror to the former trial of appellant and the penalty then inflicted, was not held to render him unfit or to necessitate a new trial upon the ground that this showed hostility toward the accused. Nor was this the conclusion in the Cox case, the Ray case, the Morrison case, the Todd case, supra, or the Hallmark case, 230 S. W. Rep. 697, or the Wood case, 86 Texas Crim. Rep. 550, or the McKinzie case, 97 Texas Crim. Rep. 82. My Brethren say of Webb's statement: "If it be conceded that the supposed fact had weight with him, and that he reported it so that it might influence his fellows against the accused, how can it be held that he was impartial?" To my mind there is no warrant for saying that it is conceded that the supposed fact had injurious weight with Webb, or that he reported it to his fellows to injure appellant. Every fact as well as every inference in the case is against such imputation. Webb had voted for the lowest penalty. Some of the jurors were for higher terms, one being for five years, the highest penalty. Webb said, "This woman has been convicted in the Federal court." He got no further. No one asked him on the hearing what his purpose was in making this statement. It would seem in entire keeping with his attitude as shown by the record, bar him to have intended to use the fact stated as an argument for mercy and to induce the others to come to his view point and give her the lowest penalty. This was the purpose manifested in Smith's case, supra, in which two jurors holding out for a higher penalty were induced to join their fellows in a lower term upon being told the result of a former conviction. In Jack's case, 20 Texas Crim. App. 656, the juror who made the improper statement complained of, insisted in the jury room upon a higher penalty than some of the others wanted to inflict, but finally came down one year when they came up one, and the verdict was for three years. This juror was not held disqualified, nor was the judgment reversed, but on the contrary it was affirmed by a court composed of Hurt, White and Wilson. In Parker's case, 30 S. W. Rep. 553, Judge Henderson says: "The mere mention or discussion of other crimes with which the defendant may have been connected, where no prejudice against defendant appears to have resulted, will not reverse a case." So in Ray's case, 35 Texas Crim. Rep. 359, the same learned judge, speaking for the court, said:

"But we do not hold that the language here used by the juror, in the absence of further showing by the appellant that such general

knowledge created in his mind such prejudice against the defendant as that he could not give him a fair and impartial trial, did not disqualify the juror; that is, that it presents to us no sufficient ground for reversing the case. It has been held that the discussion of other crimes than that charged against the defendant, unless such discussion is shown to have influenced some of the jury, is no ground for a reversal.''

Again in, Morrison's case, 39 Texas Crim. Rep. 523, where the accused got twenty years for murder, this court then composed of Hurt, Henderson and Davidson, says, in discussing the proposition as to what ought to be done when a juror had said in the jury room that another jury had tried the accused and given him twenty years: ''The mere statement of that fact in the jury room may not have operated to the prejudice of appellant. Before the case should be reversed on this ground, some prejudice must be shown. The bare statement that a former jury had tried the case and rendered a certain verdict against defendant, would not ordinarily cause a reversal.'' In Hallmark's case, 230 S. W. Rep. 697, Presiding Judge Morrow, speaking for the court, in discussing a case where the testimony showed that while the jury were in retirement one juror said he had heard appellant had been accused of being connected with the theft of $201.00 from a Mr. Johnson at the Greer hotel, said: ''A transgression against the statute (article 837) is not ground for reversal of the judgment where it is such that it could not have affected the fairness of the trial,'' and then copies from the Smith case, supra, what was said by Judge Ramsey, as appears in our judgment of affirmance. In none of these cases, nor in any others known to the writer, has this court ever said that such a statement as was made by Webb would justify the conclusion that the juror was unfair and that in the absence of some other showing the verdict of the jury should be set aside, and certainly none have said that when these jurors appear as witnesses before the trial court, in a case such as this, and the evidence was heard by him and deemed not of sufficient merit to call for the granting of a new trial, that the discretion of the trial court should be held to have been abused.

There is another proposition: It must appear from the facts before the lower court that injury did or was likely to result to the accused so as that we must conclude it error for the lower court to have refused a new trial before such judgment will be reversed. In the case before us the State assumed the burden and showed by every juror who appeared that he did not consider the statement of Webb, and was not influenced thereby. The State went further and showed that all of the other jurors agreed not to consider it. In addition, it was also shown that after the statement was made the jury gave appellant a penalty less than had been voted for on the preceding ballot.

I have written this much because, with every respect and esteem for my Brethren, I feel that the precedent here to be established is a dangerous innovation and contrary to all former announcements by this court. I, therefore, dissent from their conclusion in granting this motion for rehearing. I believe with Judge Ramsey in the Smith case, that the facts show overwhelmingly the guilt of the accused and that the judgment should not be set aside for a mere casual incidental remark made by a juror which is not shown to have resulted in any prejudice to the accused.