## Elzie Taylor v. The State.

No. 11020.   Delivered November 2, 1927.

**1.—Driving Auto While Intoxicated — Misconduct of Jury — Reversible Error.**

Where, on a trial for driving an automobile on a public highway while intoxicated, the jury in their retirement discussed the fact, which was not in evidence that appellant had previously been convicted of a like offense and given a suspended sentence, the discussion having occurred before verdict agreed upon, the judgment must be reversed.

**2.—Same—Misconduct of Jury—New Trial—Rule Stated.**

Art. 753, Subdivision 7, of our Code of Criminal Procedure, requires that a new trial shall be granted in cases of felony, where the jury, after having retired to deliberate upon a case, has received other testimony. This proposition of law has been fully discussed in many cases, and the construction placed upon this article of our statute by this court is uniform. See Taylor v. State, 274 S. W. 622, and numerous other cases cited in this opinion.

Appeal from the District Court of Polk County.   Tried below before the Hon. J. L. Manry, Judge.

Appeal from a conviction for driving an automobile along a public highway while intoxicated, penalty a fine of $60.00 and fifteen days in the county jail.

The opinion states the case.

*P. R. Rowe* of Livingston, and *P. R. Rowe, Jr.,* of Houston, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MARTIN, Judge.—Appellant was convicted of the offense of driving a car on a public highway while intoxicated, and his

punishment assessed at a $60.00 fine and fifteen days' confinement in the county jail.

It is made to appear in the record that the appellant had, prior to the instant case, been given a suspended sentence for the same offense in another and different case. This was not, however, proven in the main trial of the case. It was alleged in a motion for new trial that the jurors had mentioned and discussed this fact in the jury room prior to the rendition of their verdict. Four jurors testified on this point, eight of the jurors not testifying. One of the jurors makes it uncertain as to whether it was before they voted him guilty, while one testifies that it was before the verdict of guilty was rendered, the jury at the time standing either 10 to 2 or 11 to 1. The other two say it was mentioned about his having a suspended sentence after the verdict of guilty but before the punishment was agreed upon. After it was mentioned the jurors all agreed he was guilty and he received as punishment more than the minimum.

The record shows that this matter was placed before the jury before a final verdict was rendered, thus showing probable injury. The matter was manifestly harmful as it did show that appellant had been guilty of the same offense before. Art. 753, Subdivision 7, C. C. P., requires that new trials ·in cases of felony shall be granted where the jury, after having retired to deliberate upon a case, has received other testimony. This matter was mentioned at a critical time in the deliberations of the jury when, according to the testimony of the juror Abercrombie, the jurors were unable to agree as to the guilt of the appellant, and after such statement was made the jury did immediately agree upon his guilt. This proposition of law has been fully discussed, and the following authorities will illustrate the rule of law applicable in cases of this character. Taylor v. State, 274 S. W. 622; McDougal v. State, 194 S. W. 944; Mitchell v. State, 36 Tex. Crim. Rep. 318, 36 S. W. 456; Hardiman v. State, 53 S. W. 121; Favro v. State, 59 S. W. 886; Blocker v. State, 61 S. W. 391; Lankster v. State, 43 Tex. Crim. Rep. 299, 65 S. W. 373; Hughes v. State, 43 Tex. Crim. Rep. 511, 67 S. W. 105; Hughes v. State, 44 Tex. Crim. Rep. 296, 70 S. W. 746; Darter v. State, 39 Tex. Crim. Rep. 46, 44 S. W. 850; Hopkins v. State, 68 S. W. 986 (defendant plead guilty) ; Hefner v. State, 44 Tex. Crim. Rep. 441, 71 S. W. 964; Horn v. State, 50 Tex. Crim. Rep. 404, 97 S. W. 822; Casey v. State, 51 Tex. Crim. Rep. 433, 102 S. W. 725.

The juror who mentioned this must have intended either that

·it should break the deadlock which then existed or should influence the jury in assessing the punishment. That it may have done so is apparent. The question was properly raised on motion for new trial and the evidence is uncontroverted and we think the matter presents such material error as requires a reversal of the case.

The indictment charged the appellant with driving an automobile upon a public highway in Polk County while intoxicated without mentioning the particular highway. An exception to said indictment alleging it was defective because the name of the particular highway on which the offense was committed was not named or in any way designated was presented. No order overruling this appears in the transcript. We cannot therefore ·pass on this point.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.